IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYTCH, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 22-279-MN ) |
| MCDONALD'S CORPORATION, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT MCDONALD'S CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT AS TO BUS & PROF CODE § 17200 CLAIM**

OF COUNSEL:

Catherine Y. Lui
Nicole Gelsomini
ORRICK, HERRINGTON &
SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 773-5700
clui@orrick.com
ngelsomini@orrick.com

Kristopher R. Wood
ORRICK, HERRINGTON &
SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614
(949) 852-7722
kristopher.wood@orrick.com

Dated: June 13, 2022

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant
McDonald's Corporation*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ...................................................................................................... 1

III. ARGUMENT .................................................................................................................... 1

    A. Kytch Cannot Salvage Its Lanham Act Claim .................................................... 1

        1. Kytch's Standard Has No Basis In The Statute Or Case Law ................. 1

        2. Kytch Cannot Allege Any Facts Demonstrating That Open Kitchen Is McDonald's' Product (Element 3 of *Gordon & Breach* Test) ............... 3

        3. Kytch's Commercial Speech Arguments Fail (Element 1) ....................... 4

    B. Kytch's UCL and FAL Claims Fail Under Rule 12(b)(6) ................................... 5

        1. Kytch Fails to Show It Is Entitled to Any Remedy ................................... 5

        2. Kytch's FAL Claim Fails As A Matter Of Law ....................................... 7

        3. Kytch's UCL Claim Fails As A Matter of Law ........................................ 8

    C. Kytch Fails To Allege McDonald's (Not Taylor) Had Sufficient Knowledge ........................................................................................................... 8

    D. Kytch's Business Expectancy Claims Fail ........................................................... 9

    E. Kytch's Has Not Sufficiently Pleaded Special Damages Because The Allegedly Supporting Facts Are Not Tied To Trade Libel ................................. 10

IV. CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*4NYSYS Amer. Inc. v. Koninklijke Philips Elec. NV*,
　C.A. No. 2:11-CV-6075-JHN-MANx, 2012 WL 13008980 (C.D. Cal. Jan. 23,
　2012) .................................................................................................................................10

*Ariix, LLC v. NutriSearch Corp.*,
　985 F.3d 1107 (9th Cir. 2021) ........................................................................................4, 5

*Arrowood Cap., Inc. v. Freedom Healthcare of Am.*,
　No. 8:21-CV-00364-DOC-(KESx), 2021 WL 4353271 (C.D. Cal. July 9,
　2021) ...................................................................................................................................7

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007).........................................................................................................4, 6

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
　20 Cal. 4th 163 (1999) ........................................................................................................8

*Chamilia, LLC v. Pandora Jewelry, LLC*,
　No. 04-CV-6017 (KMK), 2007 WL 2781246 (S.D.N.Y. Sept. 24, 2007) ...........................4, 5

*CHW Grp., Inc. v. Better Bus. Bureau of New Jersey, Inc.*,
　No. CIV.A. 11-3261 JAP, 2012 WL 426292 (D.N.J. Feb. 8, 2012).........................................3

*Citizens of Human., LLC v. Costco Wholesale Corp.*,
　171 Cal. App. 4th 1 (2009) .................................................................................................6

*Coastal Abstract Serv., Inc. v. First Am. Tit. Ins. Co.*,
　173 F.3d 725 (9th Cir.1999) ................................................................................................3

*Elizabeth M. Byrnes, Inc. v. Fountainhead Com. Cap., LLC*,
　No. CV-20-4149-DDP-RAOx, 2021 WL 3501518 (C.D. Cal. Aug. 6, 2021) .........................6

*Equinox Hotel Mgmt., Inc. v. Equinox Holdings, Inc.*,
　No. 17-CV-06393-YGR, 2018 WL 659105 (N.D. Cal. Feb. 1, 2018) ....................................7

*Exeltis USA Inc. v. First Databank, Inc.*,
　520 F. Supp. 3d 1225 (N.D. Cal. 2021) ...............................................................................4

*In re Exxon Mobil Corp. Sec. Litig.*,
　500 F.3d 189 (3d Cir. 2007)................................................................................................1

*Facenda v. NFL Films, Inc.*,
　542 F.3d 1007 (3d Cir. 2008)......................................................................................2, 4, 5

*Fashion Boutique*,
 314 F.3d at 58 (2d Cir.);...................................................................................................3

*First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.*,
 569 F. Supp. 2d 929 (N.D. Cal. 2008) ..............................................................................10

*First Health Group Corp. v. BCE Emergis Corp.*,
 269 F.3d 800 (7th Cir. 2001) ...............................................................................................2

*Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*,
 859 F. Supp. 1521 (S.D.N.Y. 1994).................................................................................2, 3

*Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*,
 700 Fed. Appx. 251 (4th Cir. 2017)..................................................................................3, 5

*Home Decor Ctr., Inc. v. Google, Inc.*,
 No. CV 12-5706-GW-SHx, 2013 WL 10858861 (C.D. Cal. May 9, 2013) ..............................9

*Jenni Rivera Enterprises, LLC v. Latin World Ent. Holdings, Inc.*,
 36 Cal. App. 5th 766 (2019) ...............................................................................................8

*Jordan v. Jewel Food Stores, Inc.*,
 743 F.3d 509 (7th Cir. 2014) ...............................................................................................5

*Katzkin Leather, Inc. v. Nissan N. Am., Inc.*,
 No. 2:05-cv-00971-RGK-FMO, 2005 WL 3593999 (C.D. Cal. Dec. 22, 2005).......................5

*Korea Supply Co. v. Lockheed Martin Corp.*,
 29 Cal. 4th 1134 (2003) .......................................................................................................6

*Kramer v. Thompson*,
 947 F.2d 666 (3d Cir. 1991).................................................................................................6

*Kwikset Corp. v. Superior*,
 51 Cal. 4th 310 (2011) .........................................................................................................6

*LidoChem, Inc. v. Stoller Enterprises, Inc.*,
 500 Fed. Appx. 373 (6th Cir. 2012).....................................................................................3

*Podiatrist Ass'n, Inc. v. La Cruz Azul De Puerto Rico, Inc.*,
 332 F.3d 6 (1st Cir. 2003) ....................................................................................................3

*Premier Comp Sols., LLC v. Penn Nat. Ins. Co.*,
 No. CIV.A. 07-1764, 2012 WL 1038818 (W.D. Pa. Mar. 28, 2012) ........................................3

*Proctor & Gamble Co. v. Haugen*,
 222 F.3d 1262 (10th Cir. 2000) ............................................................................................3

*Redbox Automated Retail, LLC v. Buena Vista Home Ent., Inc.*,
    399 F. Supp. 3d 1018 (C.D. Cal. 2019) ...................................................................................7

*Registered Agent Sols., Inc. v. Corp. Serv. Co.*,
    C.A. No. 21-786-SB, 2022 WL 911253 (D. Del. Mar. 28, 2022) ............................................1

*Reybold Grp. of Companies, Inc. v. Does 1-20*,
    323 F.R.D. 205 (D. Del. 2017) ................................................................................................3

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,
    552 F. Supp. 3d 901 (N.D. Cal. 2021) .....................................................................................7

*Seven-Up Co. v. Coca-Cola Co.*,
    86 F.3d 1379 (5th Cir. 1996) ...................................................................................................3

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
    983 F. Supp. 1303 (N.D. Cal. 1997) ......................................................................................10

*Stolz v. Wong Commc'n*,
    25 Cal.App.4th 1811 (1994) ..................................................................................................10

*Suntree Techs., Inc. v. Ecosense Intern., Inc.*,
    693 F.3d 1338 (11th Cir. 2012) ...............................................................................................3

*Synygy, Inc. v. Scott-Levin, Inc.*,
    229 F.3d 1139 (3d Cir. 2000), *aff'g* 51 F. Supp. 2d 570 (E.D. Pa. 1999) ...............................3

*In re Vioxx Class Cases*,
    180 Cal. App. 4th 116 (2009) ..................................................................................................6

*Williams v. Taylor*,
    529 U.S. 362 (2000) .............................................................................................................2, 9

*Winchester Mystery House, LLC v. Glob. Asylum, Inc.*,
    210 Cal. App. 4th 579 (2012) ..................................................................................................8

*Youngevity Int'l, Corp. v. Smith*,
    224 F. Supp. 3d 1022 (S.D. Cal. 2016) ....................................................................................7

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
    836 F.2d 173 (3d Cir. 1988) .................................................................................................4, 9

**Statutes**

15 U.S.C. § 1125(a)(1)(B) ...............................................................................................................1

Cal. Bus. & Prof. Code § 17200 ......................................................................................................1

Cal. Bus. & Prof. Code § 17203 ......................................................................................................6

Cal. Bus. & Prof. Code § 17500 ................................................................................................7

Cal. Bus. & Prof. Code § 17535 ................................................................................................6

Lanham Act ........................................................................................................................2, 3, 8

Lanham Act 43(a)(1)(A) ............................................................................................................2

Lanham Act 43(a)(1)(B) .........................................................................................................1, 2

**Other Authorities**

Fed. R. Civ. P. 8 .........................................................................................................................1

Fed. R. Civ. P. 9 .........................................................................................................................1

Fed. R. Civ. P. 9(b) ....................................................................................................................1

Fed. R. Civ. P. 12(b)(6) .............................................................................................................6

Fed. R. Civ. P. 12(e) ..................................................................................................................8

**I.     INTRODUCTION**

Kytch's Opposition to McDonald's' Motion to Dismiss does nothing to salvage any of the seven claims it asserts under Federal and California law (which Kytch does not contest applies to its state law counts). Kytch's claims do not satisfy Rules 8 and 9 and should be dismissed.

**II.    LEGAL STANDARD**

With the exception of tortious interference with contract and negligent interference with business relationships, Kytch's claims all sound in fraud and must be pled with particularity under controlling Third Circuit precedent. *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 197 (3d Cir. 2007) (Rule 9(b) applies to claims sounding in fraud). For example, Kytch alleges McDonald's distributed "false and deceptive advertising" with intent to "deceive"; "McDonald's' statements were intended and did falsely convey" falsities about Kytch; McDonald's "acted intentionally to induce Kytch's customers" to stop using Kytch; and McDonald's' false statements were intended to "cause confusion, mistake or to deceive." Compl. ¶¶291, 293, 301, 304, 309, 330, 349 (Counts II, III, IV, V, and VII). These are classic fraud allegations and bring Kytch's claims within the scope of Rule 9(b). *See, e.g.*, *Registered Agent Sols., Inc. v. Corp. Serv. Co.*, C.A. No. 21-786-SB, 2022 WL 911253, at *2 (D. Del. Mar. 28, 2022) (applying 9(b) to Lanham Act claim). But, even under Rule 8, Kytch's claims still fail. Further, Kytch's argument that motions for more definite statements are "rarely granted" may be true in general, but cases involving unclear Cal. Bus. & Prof. Code § 17200 ("UCL") claims are a common exception.

**III.   ARGUMENT**

    **A.     Kytch Cannot Salvage Its Lanham Act Claim**

        **1.     Kytch's Standard Has No Basis In The Statute Or Case Law**

By its express terms, Lanham Act 43(a)(1)(B) prohibits false statements *only* if used in "commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). Yet Kytch argues for a

standard that entirely ignores the plain statutory language and focuses solely on whether McDonald's' Field Brief constituted "commercial speech." D.I. 14 ("Opp.") 8 (citing *Facenda v. NFL Films, Inc.*, 542 F.3d 1007, 1015 (3d Cir. 2008); *First Health Group Corp. v. BCE Emergis Corp.*, 269 F.3d 800, 803 (7th Cir. 2001)). But that standard would erase the "commercial advertising and promotion" element of the Lanham Act, which is improper. *See Williams v. Taylor*, 529 U.S. 362, 404 (2000) (courts must "give effect, if possible, to every clause and word of a statute"). Kytch's proposed standard is therefore inconsistent with the statute. Because the Court must evaluate whether the purported false and misleading statements are used in commercial advertising or promotion per the statutory language, Kytch's standard must be rejected. D.I. 10 ("Br." or "Opening") 6; Lanham Act § 43(a)(1)(B).

Moreover, Kytch's own case authorities do not support its standard that the only relevant inquiry is whether a statement is commercial speech. In fact, *First Health* held the *exact* opposite, faulting the district court for "treat[ing] 'commercial advertising or promotion' as synonymous with all commercial speech" and instead holding commercial advertising and promotion involved "promotional material disseminated to anonymous recipients." *First Health*, 269 F.3d at 804. And *Facenda* did not concern false advertising under Section 43(a)(1)(B) at all—but rather a First Amendment *defense* to a *false endorsement* claim under Section 43(a)(1)(A).[1] *Facenda*, 542 F.3d at 1015. *First Health* and *Facenda* thus do not even support Kytch's proffered standard.

Instead of Kytch's legally unsupported standard, the Court should apply the test from *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1535–36 (S.D.N.Y. 1994). Far from being cited by merely "some" courts in the Third Circuit as Kytch

---

[1] McDonald's inadvertently characterized *Facenda* as concerning "false advertising" in a parenthetical on page 8 of its Opening. However, that does not impact McDonald's' point there that even *Facenda* relied on a direct financial interest in finding an ad was "commercial speech."

2

contends (Opp. 7), this test has been accepted by courts in **all** of the Districts in the Third Circuit[2] and a clear majority of Circuit Courts.[3]  Although the Third Circuit has not expressly adopted *Gordon & Breach*, it has affirmed district court opinions relying upon it.  *See Synygy, Inc. v. Scott-Levin, Inc.*, 229 F.3d 1139 (3d Cir. 2000), *aff'g* 51 F. Supp. 2d 570, 575 (E.D. Pa. 1999).

### 2. Kytch Cannot Allege Any Facts Demonstrating That Open Kitchen Is McDonald's' Product (Element 3 of *Gordon & Breach* Test)

The *Gordon & Breach* test requires a commercial advertising or promotion to be intended to influence the recipient to buy *defendant's* goods.  *Reybold*, 323 F.R.D. at 210; *Synygy*, 51 F. Supp. 2d at 575.  Kytch has not, and cannot, allege that Open Kitchen is McDonald's' "goods"—because, as argued in McDonald's' Opening, Kytch's own Complaint demonstrates the product was to be made and sold by Taylor and/or PHD.  Br. 7-9.

Kytch futilely attempts to salvage its Lanham Act claim by pointing to a vague statement in the Field Brief that McDonald's "developed" Open Kitchen with Taylor.  Opp. 12.  But Kytch cites no case, *id.*, and McDonald's is aware of none, where mere participation in the development of a product was sufficient to render it "defendant's product" if the defendant did not make, sell, or financially participate in the sales of products.  Instead, the case law makes clear that where a defendant is not the manufacturer or seller of a product, it will only be considered "defendant's

---

[2] *Reybold Grp. of Companies, Inc. v. Does 1-20*, 323 F.R.D. 205, 210 (D. Del. 2017); *CHW Grp., Inc. v. Better Bus. Bureau of New Jersey, Inc.*, No. CIV.A. 11-3261 JAP, 2012 WL 426292, at *4 (D.N.J. Feb. 8, 2012); *Premier Comp Sols., LLC v. Penn Nat. Ins. Co.*, No. CIV.A. 07-1764, 2012 WL 1038818, at *8 (W.D. Pa. Mar. 28, 2012) (also collecting E.D. Pa. and M.D. Pa. opinions).
[3] *Podiatrist Ass'n, Inc. v. La Cruz Azul De Puerto Rico, Inc.*, 332 F.3d 6, 19 (1st Cir. 2003); *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 58 (2d Cir. 2002); *Handsome Brook Farm, LLC v. Humane Farm Animal Care, Inc.*, 700 Fed. Appx. 251, 256 (4th Cir. 2017); *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996); *LidoChem, Inc. v. Stoller Enterprises, Inc.*, 500 Fed. Appx. 373, 379 (6th Cir. 2012); *Coastal Abstract Serv., Inc. v. First Am. Tit. Ins. Co.*, 173 F.3d 725, 734 (9th Cir.1999); *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1273 (10th Cir. 2000); *Suntree Techs., Inc. v. Ecosense Intern., Inc.*, 693 F.3d 1338, 1349 (11th Cir. 2012).  The Third, Eighth, and DC Circuits have evidently not ruled on the issue.

product" where circumstances exist such as an agency relationship or defendant has a direct financial interest in the sales of products. *See, e.g.*, *Exeltis USA Inc. v. First Databank, Inc.*, 520 F. Supp. 3d 1225, 1235 (N.D. Cal. 2021); *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1120 n.10, 1125 (9th Cir. 2021) (majority endorsing the dissent's "well taken" analysis requiring defendants to have either an agency relationship or a "direct financial interest in sales of" the manufacturer's products, quoting *Facenda*, 542 F.3d at 1017). Kytch does not allege that McDonald's had either of these interests in Open Kitchen—that is fatal to Kytch's claim.

### 3.     Kytch's Commercial Speech Arguments Fail (Element 1)

Kytch contends that McDonald's failed to identify what kind of speech the Field Brief was, if not commercial speech, and that statements by corporations are *presumed* to be commercial speech. Opp. 8, 11. But Kytch has it backwards. It is not *McDonald's'* burden to identify the category of protected speech the Field Brief reflects; rather, it is *Kytch's* burden to plead facts sufficient to support the conclusion that the Field Brief was commercial speech. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This Kytch has not done and cannot do.

Kytch's failure is most evident by its strained efforts to identify an economic motive for McDonald's' speech, which was not plausibly alleged in the Complaint. *See* Opp. 10-11. For example, Kytch now claims (*unsupported by allegations in the Complaint*) that McDonald's' communication to its franchisees was somehow motivated by a desire to sell new franchises and bolster brand loyalty. "'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Moreover, a communication to members of an existing business relationship on that relationship is not commercial speech. *See Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-CV-6017 (KMK), 2007 WL 2781246, at *9 (S.D.N.Y. Sept. 24, 2007) (finding letter to *current* distributors was not commercial speech). Further, Kytch conflates Taylor with

4

McDonald's in claiming McDonald's has an economic motive to fuel Taylor's alleged "exclusive repair racket" even though Kytch admits that McDonald's will not earn any money from the repairs. Compl. ¶ 5; *see also* Br. 9 (lack of facts supporting an economic incentive for McDonald's to aid Taylor's alleged repair racket).

Kytch's cases purportedly demonstrating an economic motive are also inapposite. Opp. 11. In *Arrix,* the publisher received a financial kickback providing the requisite economic motive. *Ariix*, 985 F.3d at 1116-19. *Handsome Brook* involved the publisher offering certifications to egg distributors in exchange for a cut of each sale—a clear and direct financial interest. 700 F. App'x at 258. *Jordan v. Jewel Food Stores, Inc.*, concerned "image" advertising meant to burnish the defendant's brand (which the Field Brief is not) and involved false association, not false advertising. 743 F.3d 509, 519 (7th Cir. 2014). In *Facenda,* the defendant received a cut of each sale. 542 F.3d at 1017-18. No similar economic motive is alleged here.

Finally, despite its graphics (Opp. 9-10), Kytch has not demonstrated that the Field Brief was an "advertisement" because the Field Brief was not proposing the franchisees purchase any product from the publisher, *i.e.,* McDonald's. As described in the Opening (at 10) and above, McDonald's has no interest in the sale of Open Kitchen and Kytch does not allege it will reap any of the economic proceeds; therefore, the Field Brief is not an "advertisement." McDonald's simply warned its franchisees (with whom it shares a clear interest in health and safety) of the potential safety risk of the Kytch device, which is not commercial speech. *Chamilia*, 2007 WL 2781246 at *9; *Katzkin Leather, Inc. v. Nissan N. Am., Inc.*, No. 2:05-cv-00971-RGK-FMO, 2005 WL 3593999, at *4-*7 (C.D. Cal. Dec. 22, 2005) (bulletins recommending distributors not install aftermarket leather seats were not commercial speech when motivated solely by safety concerns).

**B.**     **Kytch's UCL and FAL Claims Fail Under Rule 12(b)(6)**

    **1.**     **Kytch Fails to Show It Is Entitled to Any Remedy**

Kytch's FAL and UCL claims both fail because Kytch is not entitled to any relief under these statutes. The only remedies available under both statutes are injunctive relief and restitution. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); Cal. Bus. & Prof. Code §§ 17203, 17535. Kytch tries to hide from its allegations by focusing on its requested relief in the prayer (Opp. 17), but that is not enough under *Twombly*. For these claims, Kytch sought no injunctive relief, only monetary damages for alleged loss of business. Compl. ¶¶305, 351. Moreover, Kytch cannot seek injunctive relief as there is no allegation demonstrating a threat that the conduct will be repeated in the future, and compelled retractions are reversible error under Third Circuit precedent. *See* Br. 12; *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009); *Kramer v. Thompson*, 947 F.2d 666, 680-82 (3d Cir. 1991) (reversing retraction injunction).

Further, Kytch's requested monetary relief is not "restitution" pursuant to the UCL and FAL. *See* Br. 12-13. Kytch seeks (i) purported restitution for McDonald's' "ill-gotten gains" and (ii) "losses of goodwill and harm to reputation." Opp. 17. As to the former, Kytch is not "seeking the return of money or property that was once in its possession" but the "nonrestitutionary disgorgement of profits"—which the California Supreme Court has ruled is not available under the UCL. *Korea Supply*, 29 Cal. 4th at 1149. Similarly, as to the latter, plaintiff's loss of goodwill or "reputation" is not a basis for restitution under the UCL. *Citizens of Human., LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22 (2009), *disapproved on other grounds by Kwikset Corp. v. Superior* Ct., 51 Cal. 4th 310 (2011). Kytch's supporting cases cited at Opp. 17-18 do not even concern restitution, much less *restitution under the FAL and UCL.*

Kytch's FAL and UCL claims also fail for the additional reason that Kytch has not pled an inadequate remedy at law. *See* Opp. 12; *Elizabeth M. Byrnes, Inc. v. Fountainhead Com. Cap., LLC,* No. CV-20-4149-DDP-RAOx, 2021 WL 3501518, at *3 (C.D. Cal. Aug. 6, 2021) ("district

courts appear to have uniformly dismissed equitable claims" where plaintiffs failed to allege an inadequate remedy at law). Kytch has not, and cannot, point to any such allegations in its Complaint. To the contrary, Kytch alleges that the "restitution" and damages it seeks are the same. Compl. ¶352 ("Kytch seeks restitution" including "Kytch's actual and compensatory damages").

### 2. Kytch's FAL Claim Fails As A Matter Of Law

The FAL specifically requires an "intent . . . to dispose of" properties and services," but Kytch fails to allege any such facts regarding McDonald's. Cal. Bus. & Prof. Code §17500. That alone warrants dismissal. Further, Kytch also does not dispute it fails to allege its own personal reliance on McDonald's' statements, Opp. 16-17, as required by most courts. *Redbox Automated Retail, LLC v. Buena Vista Home Ent., Inc.*, 399 F. Supp. 3d 1018, 1034 (C.D. Cal. 2019); Br. 11-12. Instead, Kytch tries to evade that requirement by claiming it applies only to consumer-plaintiffs. Opp. 16-17. But Kytch ignores that *Redbox* did not involve a consumer-plaintiff. *See Redbox*, 399 F. Supp. 3d at 1034. There, like here, the plaintiff alleged that the defendant's misrepresentations dissuaded consumers from purchasing the plaintiff's products. *Id*. Nor did numerous other cases that required personal reliance involve consumer-plaintiffs. *See, e.g., Arrowood Cap., Inc. v. Freedom Healthcare of Am.*, No. 8:21-CV-00364-DOC-(KESx), 2021 WL 4353271, at *6 (C.D. Cal. July 9, 2021); *Equinox Hotel Mgmt., Inc. v. Equinox Holdings, Inc*., No. 17-CV-06393-YGR, 2018 WL 659105, at *15 (N.D. Cal. Feb. 1, 2018); *Youngevity Int'l, Corp. v. Smith*, 224 F. Supp. 3d 1022, 1031 (S.D. Cal. 2016).[4] Contrary to Kytch's contention, Opp. 16-17, neither the Ninth Circuit nor the California Supreme Court have ruled on this issue. Kytch has offered no reason for adopting the minority view.

---

[4] Indeed, even the few district court cases Kytch cites holding otherwise acknowledged that they were in the "minority." *E.g., Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, 552 F. Supp. 3d 901, 915 (N.D. Cal. 2021).

7

### 3. Kytch's UCL Claim Fails As A Matter of Law

Kytch's UCL claim should likewise be dismissed. *See* Br. 12-14. First, Kytch's claim under the "unlawful" prong fails for the same reasons its other claims fail. Further, its claim under the "unfair" prong fails because Kytch has not satisfied the *Cel-Tech* standard. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Kytch argues it pled a violation of an "antitrust law and the spirit of that law" "in its Lanham Act claim" and the misappropriation of Kytch's technology (Opp. 16)—but the Lanham Act and misappropriation (which it has not pled) are not antitrust laws. Further, Kytch completely fails to address that *Cel-Tech* requires more: at minimum, allegations identifying the product market and describing the degree of competition in the market. *See* Br. 14. In any event, the confusion surrounding the basis for Kytch's UCL claim, particularly its allegations under the unfair prong, underscores why California courts have required more specificity for UCL claims in granting Rule 12(e) motions.[5]

### C. Kytch Fails To Allege McDonald's (Not Taylor) Had Sufficient Knowledge

McDonald's' Opening explains that Kytch's tortious interference claim fails because Kytch failed to plead facts adequate to support the knowledge element of that tort. Br. 16-17. Under California law, Kytch must plead McDonald's knew of Kytch's agreements with customers (e.g., Gamble), and enough about their terms to understand that its conduct was substantially certain to cause a breach. *Winchester Mystery House, LLC v. Glob. Asylum, Inc.*, 210 Cal. App. 4th 579, 597 (2012). Kytch's argument—that only general knowledge that a contract exists is needed to state a claim—is simply not the law, as even its own case law shows. *Jenni Rivera Enterprises, LLC v. Latin World Ent. Holdings, Inc.*, 36 Cal. App. 5th 766, 783 (2019) (defendant

---

[5] Moreover, based on the Opposition, it appears Kytch is only alleging UCL pursuant to the unlawful and unfair prongs, but the fact that it is not apparent on the face of the Complaint further highlights the need for a more definite statement.

must at least have knowledge of both the contract "and of the fact that he is interfering with the performance of the contract"). Kytch has not done so.

Kytch's misleading Complaint quotations give the false impression of factual support where there is none. Kytch claims it alleged McDonald's "tried to obtain the devices through Kytch, but [was] unwilling to sign binding NDA/non-compete agreements." But the actual quote conflates McDonald's and Taylor. Compl. ¶22 ("Both McDonald's and Taylor tried to obtain the devices…"). Kytch elsewhere provides specifics as to *Taylor* (Compl. ¶129), but the most Kytch says about McDonald's is that an unknown employee reviewed the agreement in Spring 2020 (Compl. ¶33), which is deficient for the reasons McDonald's explained in the Opening. Br. 17. Second, Kytch claims McDonald's reviewed Kytch's terms of service when they were supposedly displayed during the June 23, 2020 videoconference. Opp. 18-19. But this allegation appears *nowhere* in the Complaint and the claim fails. *Zimmerman*, 836 F.2d at 181.

### D. Kytch's Business Expectancy Claims Fail

Kytch claims it met the knowledge requirement for intentional and negligent interference with business expectancy by alleging that "McDonald's was paying close attention to" franchisees' adoption of Kytch and that "Taylor and TFG use their network of repair technicians" to know which franchisees had Kytch devices. Compl. ¶¶329, 339; Opp. 19. While that might plausibly show Taylor and TFG's knowledge, it says *nothing* about McDonald's' knowledge of Kytch's alleged relationships with the specific McDonald's franchisees (which Kytch identifies only in its trade libel claim, Compl. ¶¶311-312). This is fatal to Kytch's claims. *Home Decor Ctr., Inc. v. Google, Inc.*, No. CV 12-5706-GW-SHx, 2013 WL 10858861, at *9 (C.D. Cal. May 9, 2013).

Further, Kytch does not even attempt to allege in its Complaint that there is a special relationship between McDonald's and Kytch where McDonald's would owe a duty of care. As Kytch points out (Opp. 20), California courts use a several-factor test to determine if a duty exists

9

by virtue of a special relationship. *4NYSYS Amer. Inc. v. Koninklijke Philips Elec. NV*, C.A. No. 2:11-CV-6075-JHN-MANx, 2012 WL 13008980, at *4 (C.D. Cal. Jan. 23, 2012). Kytch does not analyze those factors whatsoever. The most Kytch does is argue that it pled "McDonald's disparaged Kytch to its current and potential customers *to destroy its business* and in fact destroyed Kytch's business." Opp. 20. But that demonstrates that the interference was *intentional, not negligent*; Kytch cannot maintain a negligent interference claim based on allegedly intentional conduct. *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1313 (N.D. Cal. 1997) (wrongful act without more cannot give rise to special relationship as it would convert negligent interference into intentional). Further, competitors (which Kytch alleges McDonald's is) cannot owe each other a duty of care in the negligent interference context. *See Stolz v. Wong Commc'n*, 25 Cal.App.4th 1811, 1125 (1994). Kytch's business expectancy claims fail as matter of law.

### E. Kytch's Has Not Sufficiently Pleaded Special Damages Because The Allegedly Supporting Facts Are Not Tied To Trade Libel

On special damages for trade libel, Kytch identifies a handful of customers who allegedly stopped using Kytch because of the Field Brief (Comp. ¶¶311-312)—but the remaining allegations it relies on are only general allegations and therefore encompass *all* of Kytch's claims (including those premised on "misappropriation" rather than false statements). Opp. 13-14 (citing Compl. ¶¶30, 270, 272, 274). The allegations are not specifically alleged as to trade libel; it is impossible to distinguish between damages caused by the alleged trade libel from those caused by the misappropriation, and Kytch has failed to state special damages. *See First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.*, 569 F. Supp. 2d 929, 938 (N.D. Cal. 2008) (dismissing claim where plaintiff "never provides specific damages for the claim based on trade libel").

### IV. CONCLUSION

The Court should grant McDonald's' Motion for the reasons above and in its Opening.

Dated: June 13, 2022

| | |
|---|---|
| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Catherine Y. Lui<br>Nicole Gelsomini<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>(415) 773-5700<br>clui@orrick.com<br>ngelsomini@orrick.com | */s/ Anne Shea Gaza*<br>Elena C. Norman (No. 4780)<br>Anne Shea Gaza (No. 4093)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>enorman@ycst.com<br>agaza@ycst.com<br>swilson@ycst.com |
| Kristopher R. Wood<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>2050 Main Street, Suite 1100<br>Irvine, CA 92614<br>(949) 852-7722<br>kristopher.wood@orrick.com | *Attorneys for Defendant*<br>*McDonald's Corporation* |

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that on June 13, 2022, a copy of the foregoing document was served on the persons listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Brian E. Farnan | Elizabeth M. Locke, P.C. |
| Michael J. Farnan | Daniel P. Watkins |
| FARNAN LLP | CLARE LOCKE LLP |
| 919 N. Market St., 12th Floor | 10 Prince Street |
| Wilmington, DE 19801 | Alexandria, VA 22314 |
| bfarnan@farnanlaw.com | libby@clarelocke.com |
| mfarnan@farnanlaw.com | daniel@clarelocke.com |

Jason Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars Suite 900
Los Angeles, CA 90067
jsheasby@irell.com

                                                YOUNG CONAWAY STARGATT
                                                & TAYLOR, LLP

                                                */s/ Anne Shea Gaza*
                                                Elena C. Norman (No. 4780)
                                                Anne Shea Gaza (No. 4093)
                                                Samantha G. Wilson (No. 5816)
                                                Rodney Square
                                                1000 North King Street
                                                Wilmington, DE 19801
                                                (302) 571-6600
                                                enorman@ycst.com
                                                agaza@ycst.com
                                                swilson@ycst.com

                                                *Attorneys for Defendant McDonald's*
                                                *Corporation*