1  CATHERINE Y. LUI (STATE BAR NO. 239648)
   clui@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
3  405 Howard Street
   San Francisco, CA  94105-2669
4  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
5
   KRISTOPHER R. WOOD (STATE BAR NO. 284727)
6  kristopher.wood@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
7  2050 Main Street, Suite 1100
   Irvine, CA 92614
8  Telephone:    +1 (949) 567-6700

9  Attorneys for Defendant
   McDonald's Corporation
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13              SAN FRANCISCO DIVISION

14

15 | KYTCH, INC., | Case No. 23-cv-01998-TSH |
   |  |  |
16 | Plaintiff, | **MCDONALD'S CORPORATION'S ANSWER TO KYTCH, INC.'S COMPLAINT** |
17 | v. |  |
18 | MCDONALD'S CORPORATION, | **DEMAND FOR JURY TRIAL** |
19 | Defendant. | Dept:     Courtroom E, 15th Floor |
   |  | Judge:    Honorable Thomas S. Hixson |

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER**

Defendant McDonald's Corporation ("McDonald's") hereby answers the allegations of Plaintiff Kytch, Inc. ("Kytch"), contained in Kytch's Complaint, as follows:

**PRELIMINARY STATEMENT**

In its Complaint, Kytch has woven a sinister, yet false, story about McDonald's' alleged attempt to drive Kytch—which makes an aftermarket device that is used to purportedly help repair ice cream machines in some of McDonald's' franchise owner-operators' ("franchisees") restaurants—out of business. Kytch claims McDonald's destroyed its business by publishing false statements regarding potential safety issues with Kytch's device to McDonald's' franchisees in an edition of McDonald's' "Field Brief" weekly newsletter ("Field Brief"). Kytch further alleges McDonald's is part of a vast conspiracy to destroy Kytch's business out of a desire to protect an alleged "repair racket" run by one of McDonald's' soft serve ice cream machine suppliers—Taylor Company ("Taylor"). Kytch also claims McDonald's induced franchisee Tyler Gamble ("Gamble") and others to breach non-disclosure agreements by providing confidential information on its products—the Kytch Solution Device ("KSD") and Kytch Solution Platform (the "Kytch device")—and assisting Taylor affiliate Powerhouse Dynamics ("PHD") in developing a competing product called Open Kitchen. While all of this makes for great "clickbait" headlines, it is simply a work of fiction. As McDonald's will show in this case, there was no conspiracy to destroy Kytch's business, to protect Taylor's so-called repair racket, or to steal Kytch's information.

Instead, McDonald's acted at all times in the best interests of the McDonald's franchise system. McDonald's has worked hard to build a best-in-class franchising operation that delivers consistency across the meals it serves and services it provides, worldwide. To achieve this consistency, which is vital to the brand, McDonald's carefully evaluates any kitchen equipment that it approves for use in its restaurants. And as to any equipment used in McDonald's' restaurants, safety is paramount. Vendors must go through rigorous testing before becoming approved suppliers. The testing and approval process is meant to ensure the equipment used in McDonald's' restaurants will not harm users or compromise food safety, among other safety concerns.

As made clear throughout its Complaint, Kytch never undertook any efforts to meet McDonald's' testing requirements.  Instead Kytch fancied itself a disruptor, following the Silicon Valley mantra of "move fast, break things" (an approach that does not sit well with McDonald's when it comes to safety).  Kytch devised a risky business strategy of attempting to hack the McDonald's franchise system by marketing directly, and secretly to franchisees, in the hopes of presenting McDonald's with a fait accompli.  In so doing, it bypassed all of McDonald's' testing and evaluation requirements.

McDonald's was justifiably concerned over this unknown product appearing in its system, and became even more so once Taylor informed McDonald's that it had identified serious safety risks inherent to Kytch's remote control features.  The Field Brief's statements on Kytch's potential safety risks reflect McDonald's' good faith efforts to warn franchisees of serious potential risks arising from the KSD's apparent ability to remotely control Taylor's ice cream machines.

In contrast to Kytch, Taylor approached McDonald's directly with an IoT solution that it had been developing and offered to take it through the testing process.  This process was delayed by the COVID-19 pandemic, and then by Summer, 2020, Taylor made the decision to shift strategies to configure PHD's preexisting Open Kitchen product.

PHD released Open Kitchen in Fall 2019.  Open Kitchen is an IoT add-on device similar to Kytch's that is designed to bring connectivity to a broad array of kitchen equipment, not just the C602 ice cream machine.  All one needs to do is configure Open Kitchen's software to be able to communicate with a given piece of equipment.  McDonald's is informed and believes that Open Kitchen had, by 2020, already been integrated with numerous brands and models of kitchen equipment, and that number has only grown since then.

Using Taylor's information on the C602, PHD simply configured Open Kitchen to operate with Taylor's shake machines.  Importantly, the version of Open Kitchen that McDonald's tested did not allow any remote operation of the C602 machine, meaning that McDonald's and Taylor's safety concerns with Kytch are inapplicable to Open Kitchen.  *This* is the version of "Open Kitchen" that McDonald's referred to in the Field Brief as the "Taylor Shake Sundae Connectivity Solution" and that Kytch rails against throughout its Complaint.  Open Kitchen is a PHD product.  PHD

- 2 -

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

developed it, and with Taylor's help, configured it to interface with the C602.  PHD manufactures the product.  And when the product is released in the McDonald's system (a process McDonald's has unilaterally paused for business reasons unrelated to the fitness of the device), PHD is the only entity that will receive sales revenue.  McDonald's' involvement in Open Kitchen was limited to product testing, evaluation, and ultimate approval within its system—just as it would be with any other vendor's products.  And to McDonald's' knowledge, neither Taylor nor PHD relied on any Kytch confidential information or data to create the product.

## COMPLAINT[1]

Footnote 1: McDonald's lacks information and belief regarding Kytch's own conduct and the conduct of any third party in which McDonald's was not directly involved.  For any allegations regarding McDonald's' conduct, McDonald's admits or denies the allegations as pleaded throughout this Answer.

1.      McDonald's admits that McDonald's is known for its world-famous burgers and fries and admits that McDonald's' social media team posted the tweet in the screenshot, which speaks for itself.  McDonald's denies the remaining allegations in Paragraph 1, including but not limited to Plaintiff's characterization of the tweet.

2.      McDonald's admits that customers have complained about the ice cream machines at McDonald's' restaurants on social media and elsewhere, and that McDonald's' independent owner-operators are responsible for the repair and maintenance of the ice cream machines at their locations, just as they are for any other equipment that they own.  Unless specifically admitted, McDonald's otherwise denies the allegations in this Paragraph.

3.      McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 3 and on that basis denies those allegations.

4.      McDonald denies the allegations.

5.      McDonald denies the allegations.  McDonald's further notes that there are hundreds

---

[1]    The headings in this Answer are Kytch's. McDonald's repeats Kytch's heading for convenience only.  References in this Answer to "Paragraphs" are to paragraphs in Kytch's Complaint.

4134-0668-5511

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

of corporate-owned locations in the U.S. alone and McDonald's pays the costs associated with repair and maintenance of ice cream machines at those locations.

6.       McDonald denies the allegations.

7.       McDonald's admits that Mr. O'Sullivan and Ms. Nelson founded Kytch and that the Kytch Solution is an IoT computer device that attaches to Taylor's C602 ice cream machines. McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 7 and on that basis denies those allegations.

8.       McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 8 and on that basis denies those allegations.

9.       McDonald's admits that it has evaluated various IoT technologies, and began to explore the potential integration of such technologies with Taylor ice cream machines and other equipment since at least 2002.  McDonald's further admits that one of these systems is a product called "Open Kitchen" developed and offered for sale by a Taylor affiliate and Middleby Corporation ("Middleby") subsidiary, PHD.  McDonald's is informed and believes that Open Kitchen was a pre-existing product that PHD developed independently and released on the market in or around Fall, 2019.  McDonald's is further informed and believes that Open Kitchen was itself derived from an even earlier PHD platform called SiteSage that was capable of, among other things, food safety monitoring and reporting, and has been on the market since at least 2015.  McDonald's is informed and believes that Open Kitchen is an IoT add-on device, similar to Kytch, but it differs from Kytch in that Open Kitchen can be configured to interface with and provide IoT capabilities to many brands and models of kitchen equipment—not just Taylor's ice cream machines. McDonald's understands that PHD worked with Taylor to configure Open Kitchen's software to interface with Taylor's ice cream machines using Taylor's "data dictionary" for the C602 machine, and that the re-configured product is the version of Open Kitchen at issue in this case.  McDonald's will henceforward use the phrase "Open Kitchen" to mean the version of Open Kitchen with software configured to interface with Taylor's C602 ice cream machines, and not Open Kitchen more generally.  McDonald's admits that Open Kitchen has not been widely released to the McDonald's franchise system, but denies Kytch's explanation as to why.  McDonald's has

unilaterally opted to delay the release for business reasons unrelated to the readiness of the Open Kitchen product itself.  McDonald's observes that Open Kitchen has been tested for almost two years in approximately 30 McDonald's restaurants.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

10.     McDonald's admits that Taylor proposed to test an IoT solution compatible with the C602 in September 2019 but denies that McDonald's "tabled Taylor's proposed solution as premature."  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 10 regarding a non-McDonald's document not attached to the Complaint and on that basis denies those allegations.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

11.     McDonald's denies that McDonald's was "angered" by positive coverage of Kytch and that McDonald's and Taylor "joined forces to drive Kytch out of the marketplace." McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in this Paragraph, including the allegations regarding a non-McDonald's document not attached to the Complaint, and on that basis denies those allegations.

12.     McDonald denies the allegations.

13.     McDonald's admits that McDonald's and Taylor held biweekly meetings beginning in November 2020 with Taylor, PHD, and operators participating in the Open Kitchen test to share feedback regarding the Open Kitchen test.  McDonald's denies that those meetings were "devoted to copying Kytch's technology."  McDonald's admits that Gamble was a Kytch trial participant but lacks information and belief regarding whether any other Open Kitchen test participants were Kytch Trial participants.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 13 regarding non-McDonald's documents not attached to the Complaint and the actions of Taylor and on that basis denies those allegations.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

14.     McDonald's admits that McDonald's Director of Global Equipment, Mike Zagorski and Taylor employee Jim Minard participated in a WebEx conference on June 23, 2020.  Gamble, who also participated in the WebEx, is the only person that accessed a Kytch online interface during

1   that video conference.  Unless specifically admitted, McDonald's denies the remaining allegations

2   in this Paragraph.

3         15.    McDonald's denies any allegations in Paragraph 15 regarding McDonald's.

4   McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph

5   15 regarding TFG, Gamble, and Taylor and on that basis denies those allegations.

6         16.    McDonald's admits that Open Kitchen was not ready to be broadly distributed

7   within the McDonald's franchise system as of October 2020.  Unless specifically admitted,

8   McDonald's denies the remaining allegations in this Paragraph.

9         17.    McDonald's admits that Gamble endorsed Kytch at the October 8, 2020 National

10   Owners Association ("NOA") conference.  McDonald's lacks information and belief as to whether

11   that endorsement was made on behalf of the broader NOA, and therefore on that basis denies that

12   allegation.  Unless specifically admitted, McDonald's denies the remaining allegations in this

13   Paragraph.

14        18.    McDonald's admits that McDonald's communicated with Taylor after the October

15   8, 2020 NOA conference but denies the allegation to the extent Kytch alleges an in-person meeting

16   occurred.  McDonald's lacks information and belief sufficient to admit or deny the allegations in

17   Paragraph 18 regarding non-McDonald's documents not attached to the Complaint and on that basis

18   denies those allegations.  Unless specifically admitted, McDonald's denies the remaining

19   allegations in this Paragraph.

20        19.    McDonald's admits that Mike Zagorski stated that "[t]hings need to go much faster"

21   after the October 8, 2020 NOA conference.  Unless specifically admitted, McDonald's denies the

22   remaining allegations in this Paragraph.

23        20.    McDonald's admits that the screenshot accurately reflects the contents of a

24   November 3, 2020 communication to McDonald's' Operators (the "Field Brief"), and that the

25   screenshot speaks for itself.  McDonald's denies Plaintiff's characterization of the Field Brief and

26   any factual allegation beyond the contents of the Field Brief as reflected in the screenshot.  Unless

27   specifically admitted, McDonald's denies the remaining allegations in this Paragraph.  McDonald's

28   further denies the allegations in Paragraph 20 to the extent they contain legal arguments and

1   conclusions for which no response is required.

2   21.   McDonald's admits that the screenshot in Paragraph 21 contains the quoted

3   language.  McDonald's lacks information and belief sufficient to admit or deny Kytch's allegations

4   in Paragraph 21 regarding the origins, purpose, and characterization of the screenshot or the actions

5   and beliefs of Taylor and on that basis denies those allegations.  Unless specifically admitted,

6   McDonald's denies the remaining allegations in this Paragraph.

7   22.   McDonald's admits that Intertek is a company that specializes in product safety

8   testing but lacks information and belief and on that basis denies the allegation as to whether Kytch

9   was certified by Intertek for electrical safety (or any other aspect of safety).  McDonald's further

10  admits that Kytch has filed suit against Taylor, TFG, and Gamble in Alameda County Superior

11  Court in Oakland, California (the "Alameda Litigation") as alleged in Footnote 2.  McDonald's

12  admits that Taylor employee James Minard submitted a declaration in the Alameda Litigation

13  stating, "At no point in time has Taylor ever come into possession of a Kytch device."  McDonald's

14  admits that the Complaint in this litigation refers to emails that are part of the public record in the

15  Alameda Litigation but lacks information and belief sufficient to admit or deny allegations

16  regarding discovery in the Alameda Litigation and on that basis denies those allegations.

17  McDonald's admits that a general manager of a corporate McDonald's restaurant location

18  independently attempted to order Kytch devices for use in his own and two other corporate

19  locations, but Kytch rejected his attempt because, on information and belief, Kytch wanted a

20  binding agreement with the entire McDonald's organization and realized that the general manager

21  could not execute such an agreement.  McDonald's denies that these circumstances imputed

22  knowledge to McDonald's of Kytch's purported NDAs.  McDonald's lacks information and belief

23  sufficient to admit or deny the allegations in Paragraph 22 regarding the actions of Taylor, the

24  certifications applicable to Kytch, and Kytch's representations regarding its own knowledge or

25  product and therefore denies those allegations.  Unless specifically admitted, McDonald's denies

26  the remaining allegations in this Paragraph.  McDonald's further denies the allegations in Paragraph

27  22 to the extent that it contains legal arguments and conclusions for which no response is required.

28  23.   McDonald denies the allegations. To the extent Paragraph 23 contains legal

- 7 -   MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1    arguments and conclusions for which no response is required, the allegations are further denied.

2    24.    McDonald's admits that Gamble sent a text message to a McDonald's employee,

3    John Sulit, on October 27, 2020, that included, among other statements, the quoted language.

4    McDonald's denies to the extent Paragraph 24 alleges or implies that Sulit reviewed the message,

5    or would have understood its contents or that it originated from Kytch, or that the explanations in

6    the text message demonstrate that McDonald's' statements in the Field Brief are false or

7    misleading.  McDonald's lacks information and belief sufficient to admit or deny the allegations in

8    Paragraph 24 regarding the beliefs of Taylor and the actions of Gamble and on that basis denies

9    those allegations.  Unless specifically admitted, McDonald's denies the remaining allegations in

10   this Paragraph.  McDonald's further denies the allegations in Paragraph 24 to the extent that it

11   contains legal arguments and conclusions for which no response is required.

12   25.    McDonald's admits that Gamble sent the text message to a McDonald's employee,

13   John Sulit, but denies that McDonald's reviewed it, or understood its contents or that it originated

14   from Kytch, or that the content of the text message would have addressed McDonald's' concerns

15   underlying the statements in the Field Brief.  McDonald's further admits that McDonald's

16   published the Field Brief to all McDonald's operators in the U.S. (not all of "North America")

17   stating that Kytch posed "a potential very serious safety risk"; and that McDonald's announced that

18   Open Kitchen would be released in Q1 2021.  McDonald's denies these statements are false or

19   misleading.  McDonald's lacks information and belief sufficient to admit or deny the allegations

20   regarding Taylor's knowledge, motivations, and actions and therefore denies those allegations.

21   Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

22   McDonald's further denies the allegations in Paragraph 25 to the extent they consist of legal

23   arguments and conclusions for which no response is required.

24   26.    McDonald denies the allegations.  McDonald's further denies the allegations in

25   Paragraph 26 to the extent that it contains legal arguments and conclusions for which no response

26   is required.

27   27.    McDonald denies the allegations.

28   28.    McDonald denies the allegations.  McDonald's denies that the Field Brief failed to

provide substantive information on Kytch's safety risks and potential equipment reliability issues. McDonald's further denies the allegations in Paragraph 28 to the extent that it contains legal arguments and conclusions for which no response is required. McDonald's lacks information and belief sufficient to admit or deny the allegations regarding Taylor's intent and conduct regarding its repair and maintenance business and on that basis denies those allegations.

29.    McDonald's admits that Open Kitchen has not been released to the entire McDonald's franchise system but denies to the extent Paragraph 29 implies that that is because Open Kitchen is not ready for release. McDonald's has tested functioning versions of Open Kitchen in approximately 30 restaurants for almost two years and chose to delay the release of Open Kitchen for business reasons unrelated to the readiness of the product itself. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 29 regarding Taylor and therefore denies those allegations. Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph. This includes, but is not limited to, any allegations that imply that Open Kitchen is a McDonald's product. To the extent Paragraph 29 contains legal arguments and conclusions for which no response is required, the allegations are further denied.

30.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 30 and on that basis denies those allegations. McDonald's further denies the allegations in Paragraph 30 to the extent that it contains legal arguments and conclusions for which no response is required.

31.    McDonald's denies characterization of the Field Brief as a "false ad." McDonald's denies that there were any other "false ads" (plural). McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 31 and on that basis those allegations. McDonald's further denies the allegations in Paragraph 31 to the extent that it contains legal arguments and conclusions for which no response is required.

32.    McDonald's denies that McDonald's has engaged in anti-competitive conduct or that McDonald's has engaged in any other misconduct. McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 32 regarding Kytch's motivations and on that basis denies those allegations. McDonald's further denies the allegations in Paragraph 32 to

the extent that it contains legal arguments and conclusions for which no response is required.

**PARTIES**

Response to "***Kytch's Background.***":  This sub-heading contains no factual statement to admit or deny.

33.     McDonald's admits that Kytch, Inc. is a Delaware corporation, and otherwise denies the allegations in Paragraph 33.  McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 33 regarding Kytch's mental state and on that basis denies those allegations.   Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

34.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 34 and on that basis denies those allegations.

35.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 35 and on that basis denies those allegations.

36.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 36 and on that basis denies those allegations.

37.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 37, including the allegations regarding non-McDonald's documents not attached to the Complaint (i.e., the reports of "media outlets"), and on that basis denies those allegations.

38.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 38 and on that basis denies those allegations.

39.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 39 and on that basis denies those allegations.

40.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 40 and on that basis denies those allegations.

41.     McDonald denies the allegations. McDonald's further denies the allegations in Paragraph 41 to the extent that it contains legal arguments and conclusions for which no response is required.

Response to "***Background of McDonald's and Its Co-Conspirators.***":  McDonald's

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1    denies that it is a conspirator or that it engaged in a conspiracy.

2        42.    McDonald's admits that McDonald's Corporation is a Delaware corporation and

3    that Mike Zagorski and John Sulit were and are employed by McDonald's.  Unless specifically

4    admitted, McDonald's denies the remaining allegations in this Paragraph.  McDonald's further

5    denies the allegations in Paragraph 42 to the extent that it contains legal arguments and conclusions

6    for which no response is required.

7        43.    McDonald's admits that Taylor is a Delaware limited liability company that

8    manufactures soft-serve machines for sale to McDonald's and McDonald's operators.  McDonald's

9    further admits that Jeremy Dobrowolski was Taylor's CEO during the 2019-2021 time period and

10   that Scott Nicholas and James Minard were employed by Taylor during the 2019-2021 time period.

11   McDonald's lacks sufficient information to admit or deny the remaining allegations in Paragraph

12   43 and on that basis denies them.  McDonald's further denies the allegations in Paragraph 43 to the

13   extent that it contains legal arguments and conclusions for which no response is required.

14       44.    McDonald's lacks information or belief sufficient to admit or deny the allegations

15   in Paragraph 44 and on that basis denies them.  McDonald's further denies the allegations in

16   Paragraph 44 to the extent that it contains legal arguments and conclusions for which no response

17   is required.

18       45.    McDonald's admits that Gamble is an independent McDonald's franchise owner

19   that operates eight (not ten) McDonald's restaurants.  McDonald's further admits that Gamble has

20   served as the Equipment Team Lead for the National Supplier Leadership Council ("NSLC"),

21   which is an advisory council comprised of independent McDonald's operators that liaise with

22   McDonald's to provide operators' perspectives on issues related to the franchise system.  The

23   NSLC generally, and the equipment team specifically, have no decision-making authority within

24   McDonald's and are not employees of McDonald's.  Unless specifically admitted, McDonald's

25   denies the remaining allegations in this Paragraph.  McDonald's further denies the allegations in

26   Paragraph 45 to the extent that it contains legal arguments and conclusions for which no response

27   is required.

28       46.    McDonald's admits that Gamble was a Kytch customer.  McDonald's lacks

4134-0668-5511

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

information or belief sufficient to admit or deny the remaining allegations in Paragraph 46 and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 46 to the extent that it contains legal arguments and conclusions for which no response is required.

47.     Paragraph 47 and Footnote 5 contain legal conclusions regarding the legal effect of a document for which no response is required.  The allegations are therefore denied.

48.     McDonald denies the allegations.  McDonald's further denies the allegations in Paragraph 48 to the extent that it contains legal arguments and conclusions for which no response is required.

## JURISDICTION & VENUE

49.     McDonald denies the allegations that McDonald's engaged in a "coordinated effort to destroy Kytch's business"; otherwise, McDonald's admits the remaining allegations regarding subject matter and supplemental jurisdiction.

50.     McDonald's admits the allegations in this Paragraph.  Per the April 24, 2023 Stipulation and Order to Transfer Under 18 U.S.C. § 1404(A) in the United States District Court for the District of Delaware, the parties agreed to transfer this case to the United States District Court for the Northern District of California, Oakland Division.  Moreover, McDonald's consented to personal jurisdiction in the Northern District of California for purposes of adjudicating the claims asserted by Kytch in this action.

51.     McDonald's admits that venue is proper and McDonald's is incorporated in Delaware.  Per the April 24, 2023 Stipulation and Order to Transfer Under 18 U.S.C. § 1404(A) in the United States District Court for the District of Delaware, the parties agreed to transfer this action to the United States District Court for the Northern District of California, Oakland Division and therefore agree that venue in this Court is proper.

## FACTUAL ALLEGATIONS

Response to "***McDonald's Ice Cream Machines Are Notorious for Frequently Breaking Down.***":  McDonald's denies the characterization in this sub-heading and to the extent this sub-heading contains factual allegations not within McDonald's' knowledge, McDonald's lacks sufficient information to admit or deny the allegations and on that basis denies them.

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1    52.    McDonald's admits the allegations in this Paragraph.

2    53.    McDonald's admits that the Taylor C602 soft-serve machine is in most McDonald's

3    restaurants but denies Kytch's characterization that Taylor machines are in "almost 100%" of

4    McDonald's restaurants on the grounds that this statement is vague.  McDonald's admits that the

5    cited Wall Street Journal article exists and speaks for itself, but McDonald's denies Kytch's

6    characterization of that document and its contents.  McDonald's lacks information or belief

7    sufficient to admit or deny the remaining allegations in Paragraph 53 and on that basis denies those

8    allegations.

9    54.    McDonald's admits that James Minard of Taylor tweeted "Fake News."

10    McDonald's lacks information and belief sufficient to admit or deny the allegations regarding

11    Taylor's knowledge, motivations, and actions and therefore denies any allegations related to

12    Taylor.  Unless specifically admitted, McDonald's denies the remaining allegations in this

13    Paragraph.

14    55.    McDonald's admits that a McDonald's spokesperson told Wired that McDonald's

15    is "committed to doing better" and that McDonald's is, in fact, committed to improving its own

16    performance on this and every other aspect of its business.  Unless specifically admitted,

17    McDonald's denies the remaining allegations in this Paragraph.

18    56.    McDonald denies the allegations.

19    57.    McDonald's admits that the cited Dateline article exists and speaks for itself, but

20    McDonald's denies Kytch's characterization of that document and its contents.  McDonald's lacks

21    information and belief sufficient to admit or deny the remaining allegations in Paragraph 57

22    regarding a non-McDonald's document not attached to the Complaint and on that basis denies those

23    allegations.  McDonald's further denies any implication that McDonald's restaurants serve unsafe

24    food or fail to meet standards for safety or cleanliness.

25    58.    McDonald's lacks information or belief sufficient to admit or deny the allegations

26    in Paragraph 58 and on that basis denies those allegations.  Further, the NBC News report

27    referenced in Paragraph 57 stated, "All of the chains [including McDonald's] seem to have strong

28    food safety systems in place."  McDonald's does, in fact, have strong food safety systems in place.

4134-0668-5511

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

To the extent any independent operators have found a way to bypass mandatory pasteurization and brush cleaning on the C602 using manual override procedures intended for use by trained service technicians for troubleshooting and repair, such actions are prohibited by McDonald's.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

59.     McDonald denies the allegations.

60.     McDonald denies the allegations.

61.     McDonald's admits that there was an FTC investigation into "right to repair" issues that, among other things, encompassed issues related to the ice cream machines used in McDonald's' restaurants.  McDonald's admits that the cited Wall Street Journal article exists and speaks for itself, but McDonald's denies Kytch's characterization of that document and its contents.  McDonald's lacks information and belief regarding the FTC's alleged efforts to contact McDonald's franchise owners and on that basis denies those allegations.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

62.     McDonald's admits that the cited Daily Show segment was broadcast and speaks for itself, but McDonald's denies Kytch's characterization of that segment and its contents.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

63.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 63 and on that basis denies those allegations.

64.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 64 and on that basis denies those allegations.

65.     McDonald's denies insofar as to the allegations that relate to McDonald's.  McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 65 as to Taylor or as to the contents of Mr. Fitzgerald's remarks and on that basis denies those allegations.

Response to "***Kytch's Product Testing Reveals that Defects Were Built into the C602 Machines.***":  McDonald's lacks information or belief sufficient to admit or deny the allegations in this sub-heading and on that basis denies those allegations.

66.     McDonald's lacks information or belief sufficient to admit or deny the allegations

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1    in Paragraph 66 and on that basis denies those allegations.

2         67.    McDonald's lacks information or belief sufficient to admit or deny the allegations

3    in Paragraph 67 and on that basis denies those allegations.

4         68.    McDonald's lacks information or belief sufficient to admit or deny the allegations

5    in Paragraph 68 and on that basis denies those allegations.

6         69.    McDonald's lacks information or belief sufficient to admit or deny the allegations

7    in Paragraph 69 and on that basis denies those allegations.

8         70.    McDonald's lacks information or belief sufficient to admit or deny the allegations

9    in Paragraph 70 and on that basis denies those allegations.

10        71.    McDonald's lacks information or belief sufficient to admit or deny the allegations

11   in Paragraph 71 and on that basis denies those allegations.

12        72.    McDonald's lacks information or belief sufficient to admit or deny the allegations

13   in Paragraph 72 and on that basis denies those allegations.

14        73.    McDonald's lacks information or belief sufficient to admit or deny the allegations

15   in Paragraph 73 and on that basis denies those allegations.

16        74.    McDonald's admits that the C602 machines have a restricted-access technicians'

17   menu.  It is McDonald's' understanding that this is a safety feature intended to prevent untrained

18   users from inadvertently or purposefully changing machine settings that could negatively impact

19   food safety, pose other physical safety hazards to individuals present in the restaurant in the vicinity

20   of the machine, or cause damage to or reliability issues with the machine.  It is McDonald's'

21   understanding that Kytch enables users to bypass this safety feature, and that Kytch touts this

22   capability as a benefit.  McDonald's lacks information or belief sufficient to admit or deny the

23   remaining allegations in Paragraph 74 and on that basis denies those allegations.

24        75.    McDonald's lacks information or belief sufficient to admit or deny the allegations

25   in Paragraph 75 and on that basis denies those allegations.

26        76.    McDonald's lacks information or belief sufficient to admit or deny the allegations

27   in Paragraph 76 and on that basis denies those allegations.

28        Response to "*Kytch's Innovative Technology and Confidential Information.*":

McDonald's lacks information or belief sufficient to admit or deny that Kytch has "innovative technology" or that Kytch has "confidential information" and on that basis denies those allegations.

77.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 77 and on that basis denies those allegations.

78.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 78 and on that basis denies those allegations.

79.    McDonald's is informed and believes, and therefore admits, that Kytch allows its users to remotely monitor, control, and operate their machines.  McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 79 and on that basis denies those allegations.  McDonald's further denies Paragraph 79 to the extent it contains legal arguments and conclusions for which no response is required.

80.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 80 and on that basis denies those allegations.

81.    McDonald's is informed and believes that the Kytch device allows a user to invite others to access the user's online account and on that basis admits the allegations in Paragraph 81.

82.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 82 and on that basis denies those allegations.

83.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 83 and on that basis denies those allegations.

Response to "***The Kytch Solution Is Safe and Certified by Intertek to Comply with FCC Regulations and UL Standards.***":  McDonald's denies that the Kytch Solution is safe. McDonald's lacks information and belief to admit or deny the remaining allegations in this sub-heading and on that basis denies those allegations.

84.    McDonald's denies the allegations to the extent that it implies that Kytch created a "solution" or that Kytch improves the safety and reliability of soft-serve machines.  McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 84 and on that basis denies those allegations.

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

85.     McDonald's admits that certain Taylor materials state that Taylor has "gone to extreme efforts to design" safety features.  McDonald's denies that the Kytch "complements and incorporates these safety efforts."  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

86.     McDonald's admits this allegation.  McDonald's is informed and believes that the freezer door is not the only area of the C602 machine where moving parts may be accessible to a person using, cleaning, or servicing the machine.

87.     McDonald's admits that "rotating blades attached to the beaters scrape soft serve mix from the walls of the machine's cylinder as it freezes" and that the C602 employs a safety system to prevent injury when the freezer door is removed.  It is McDonald's' understanding that the freezer door is not the only area of the C602 machine where moving parts may be accessible to a person using, cleaning, or servicing the machine.  The C602 machine includes side panels and a back panel which, when removed, do not prompt a magnetic lock system.  McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 87 and on that basis denies those allegations.

88.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 88 and on that basis denies those allegations.

89.     McDonald's admits that the Taylor manual for the C602 states, "The main power supplies to the freezer must be disconnected prior to performing any repairs", and that the document speaks for itself.  McDonald's denies Plaintiff's characterization of the manual and any factual allegation beyond the contents of the manual.  McDonald's admits that it is standard in the industry to disconnect equipment from the main power supplies prior to performing any repairs.  Notwithstanding this industry standard, human error may create situations where equipment is not disconnected from the main power supplies prior to performing repairs.  McDonald's admits that the Kytch device cannot operate if the C602 machine is unplugged.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

90.     McDonald's denies that Kytch has made the C602 machines safer.  McDonald's admits that "jumpers" can bypass certain safety mechanisms, and have, on a few isolated occasions,

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-cv-01998-TSH

been discovered in C602 machines located at restaurants of McDonald's operators. This is strictly prohibited by McDonald's, and Taylor has taken action to eradicate the practice. McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 90 and on that basis denies those allegations. McDonald's further denies the allegations in Paragraph 90 to the extent they consist of legal arguments and conclusions to which no response is required.

91.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 91 and on that basis denies those allegations.

92.     McDonald's denies that Kytch "improves" the C602. McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 92 and on that basis denies those allegations.

93.     McDonald's admits that Intertek, an independent lab, tests and certifies products according to safety standards. McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 93 and on that basis denies those allegations.

94.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 94 and on that basis denies those allegations. McDonald's further denies the allegations in Paragraph 94 to the extent they consist of legal argument and conclusions for which no response is required.

95.     McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 95 and on that basis denies those allegations. McDonald's further denies the allegations in Paragraph 95 to the extent they consist of legal argument and conclusions for which no response is required. McDonald's further observes that nothing in the tests Kytch describes suggests Intertek evaluated the safety of how Kytch interacts with and physically manipulates the C602.

96.     McDonald's lacks information related to the Intertek report, which was not attached as an exhibit to the Complaint, and therefore denies the allegations related to its content, including the allegations in Footnote 11 regarding the definitions of terms purportedly used in the Intertek report. McDonald's further observes that nothing in the tests Kytch describes suggests Intertek evaluated the safety of how Kytch interacts with and physically manipulates the C602.

97.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 97 and on that basis denies those allegations.  McDonald's further observes that nothing in the tests Kytch describes suggests Intertek evaluated the safety of how Kytch interacts with and physically manipulates the C602.

98.    McDonald's lacks information related to the quoted document, which was not attached as an exhibit to the Complaint, and therefore denies the allegations related to its content. McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 98 and on that basis denies those allegations.  McDonald's further observes that nothing in the tests Kytch describes suggests Intertek evaluated the safety of how Kytch interacts with and physically manipulates the C602.

99.    McDonald's lacks information related to the quoted document, which was not attached as an exhibit to the Complaint, and therefore denies the allegations related to its content. McDonald's further observes that nothing in the tests Kytch describes suggests Intertek evaluated the safety of how Kytch interacts with and physically manipulates the C602.

100.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 100 and on that basis denies those allegations.

101.    McDonald's lacks information or belief sufficient to admit or deny the allegations in the first and third sentences of Paragraph 101 and on that basis denies those allegations. McDonald's denies the remaining allegations in Paragraph 101.

Response to "***NDAs and Other Security Measures Protect Kytch's Valuable Confidential Information.***":  This sub-heading contains legal arguments and conclusions regarding the legal effect of NDAs for which no response is required.  The allegations as to the purported NDAs are therefore denied.  McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in this sub-heading and on that basis denies those allegations.

102.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 102 and on that basis denies those allegations.

103.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 103 and on that basis denies those allegations.  McDonald's further denies the

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

allegations in Paragraph 103 to the extent that it contains legal arguments and conclusions for which no response is required.

104.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 104 and on that basis denies those allegations.

105.    McDonald's lacks information or belief sufficient to admit or deny the allegations in the first sentence of Paragraph 105 and on that basis denies those allegations.  The remainder of Paragraph 105 contains legal conclusions regarding the legal effect of a document for which no response is required.  The allegations are therefore denied.

106.    Paragraph 106 contains legal arguments and conclusions regarding the legal effect of a document for which no response is required.  The allegations are therefore denied.  To the extent this Paragraph makes factual allegations regarding the contents of a document, a purported copy of Kytch's Terms of Service was attached to Kytch's Complaint, and the document speaks for itself.

107.    Paragraph 107 contains legal arguments and conclusions regarding the legal effect of a document for which no response is required.  The allegations are therefore denied.  To the extent this Paragraph makes factual allegations regarding the contents of a document, a purported copy of Kytch's NDA was attached to Kytch's Complaint, and the document speaks for itself.

108.    Paragraph 108 contains legal arguments and conclusions regarding the legal effect of a document for which no response is required.  The allegations are therefore denied.  To the extent this Paragraph makes factual allegations regarding the contents of a document, a purported copy of Kytch's NDA was attached to Kytch's Complaint, and the document speaks for itself.

109.    Paragraph 109 contains legal arguments and conclusions regarding the legal effect of a document for which no response is required.  The allegations are therefore denied.  To the extent this Paragraph makes factual allegations regarding the contents of a document, a purported copy of Kytch's NDA was attached to Kytch's Complaint, and the document speaks for itself.

110.    McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 110 and on that basis denies those allegations.  McDonald's further denies the allegations in this Paragraph to the extent it contains legal arguments and conclusions for which no

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1   response is required.

2          111.    McDonald's lacks information or belief sufficient to admit or deny the allegations

3   in Paragraph 111 and on that basis denies those allegations.  McDonald's further denies the

4   allegations in this Paragraph to the extent it contains legal arguments and conclusions for which no

5   response is required.

6          112.    McDonald's lacks information or belief sufficient to admit or deny the allegations

7   in Paragraph 112 and on that basis denies those allegations.  McDonald's further denies the

8   allegations in this Paragraph to the extent it contains legal arguments and conclusions for which no

9   response is required.

10          113.    McDonald's denies that Kytch's approach was novel or had "never been attempted."

11   McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in

12   Paragraph 113 and on that basis denies those allegations.  McDonald's further denies the allegations

13   in this Paragraph to the extent it contains legal arguments and conclusions for which no response

14   is required.

15          114.    McDonald's denies the allegations.  McDonald's further observes that Kytch's

16   device was neither revolutionary nor even particularly novel, and that its potential benefits are

17   vastly overstated.

18          115.    McDonald's lacks information or belief sufficient to admit or deny the allegations

19   in Paragraph 115 and on that basis denies those allegations.

20          Response to "***Taylor's Early Efforts to Intercept the Kytch Solution and to Access***

21   ***Kytch's Confidential Information.***":  McDonald's lacks information or belief sufficient to admit

22   or deny allegations in this sub-heading regarding Taylor and on that basis denies those

23   allegations.

24          116.    McDonald's lacks information or belief sufficient to admit or deny the allegations

25   in Paragraph 116 and on that basis denies those allegations.  McDonald's further denies the

26   allegations in Paragraph 116 to the extent that it contains legal arguments and conclusions for which

27   no response is required.

28          117.    McDonald's admits that the cited article exists, contains the quoted text, and speaks

4134-0668-5511

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

for itself.  McDonald's denies Kytch's characterization of the document.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 117 regarding PHD or Middleby and on that basis denies those allegations.

118.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 118 and on that basis denies those allegations.

119.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 119 and on that basis denies those allegations.

120.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 120 and on that basis denies those allegations.  McDonald's further denies the allegations in this Paragraph to the extent it contains legal arguments and conclusions for which no response is required.

121.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 121 and on that basis denies those allegations.

122.   McDonald's admits the screenshot in Paragraph 122 contains the quoted language. McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 122 regarding a non-McDonald's document not attached to the Complaint and on that basis denies those allegations.

123.   McDonald's admits the screenshot in Paragraph 123 contains the quoted language. McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 123, including the allegations regarding a non-McDonald's document not attached to the Complaint, and on that basis denies those allegations.

124.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 124 and on that basis denies those allegations.

125.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 125 and on that basis denies those allegations.

126.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 126, including the allegations regarding a non-McDonald's document not attached to the Complaint, and on that basis denies those allegations.

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

127.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 127 and on that basis denies those allegations.

128.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 128 and on that basis denies those allegations.

129.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 129 and on that basis denies those allegations.

130.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 130 and on that basis denies those allegations.

Response to "***The Kytch Trial Expands to McDonald's in Fall 2019 as McDonald's Rejects Taylor and PHD's Open Kitchen.***":  McDonald's denies that McDonald's rejected Open Kitchen.  McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in this sub-heading and on that basis denies those allegations.

131.   McDonald's denies the allegations.  McDonald's was not even aware of Kytch's existence in Spring and Summer 2019.  McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 131 and on that basis denies those allegations.

132.   McDonald's denies that it rejected Open Kitchen as premature to place into the McDonald's system.  McDonald's lacks information or belief sufficient to admit or deny the remaining allegations in Paragraph 132 and on that basis denies those allegations.

133.   McDonald's lacks information or belief sufficient to admit or deny the allegations in Paragraph 133 and on that basis denies those allegations.

134.   McDonald's admits the allegations in Paragraph 134, except to the extent Kytch alleges that the NOA "controls" any other McDonald's franchisee organizations, organizations, which McDonald's denies.

135.   McDonald's admits that one of the NSLC Equipment Team's priorities in 2020-2021 was to assist McDonald's and Taylor in improving the reliability of the C602 soft-serve machine through the "Shake Machine Reliability Project".  McDonald's is unaware of any group called the "McFlurry Task Force."  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

136.    McDonald's denies the allegations in Paragraph 136 that relate to McDonald's. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 136 as to Taylor and on that basis denies those allegations.

Response to "***February 2020: After Reading News Reports of Kytch's Success, McDonald's Infiltrates Kytch's Product Trial to Misappropriate Confidential Information.***": McDonald's denies the allegations in this sub-heading.

137.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 137 and on that basis denies those allegations.

138.    McDonald's denies that Kytch was a "viable remedy" to perceived problems with the Taylor soft-serve machines.  McDonald's further denies that there were widespread "problems" with the soft-serve machines used at McDonald's restaurants. McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 138 and on that basis denies those allegations.

139.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 139 regarding non-McDonald's documents not attached to the Complaint and on that basis denies those allegations.

140.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 140 regarding non-McDonald's documents not attached to the Complaint and on that basis denies those allegations.  McDonald's further denies that there were widespread "problems" with the soft-serve machines at McDonald's restaurants.  McDonald's further denies the article's characterization of "unnecessary malfunctions" as applied to the soft-serve machines.

141.    McDonald's admits that the February 12, 2020 "Daily Briefing" speaks for itself, but McDonald's denies Plaintiff's characterization of the briefing and any factual allegation beyond the contents of the briefing.

142.    McDonald's denies the allegations related to McDonald's.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 142 as to Taylor and PHD and on that basis denies those allegations.

143.    McDonald's lacks information and belief sufficient to admit or deny the allegations

1  in Paragraph 143 regarding non-McDonald's documents not attached to the Complaint and on that

2  basis denies those allegations.

3          144.    McDonald's admits that Scott Nicholas scheduled a teleconference for February 13,

4  2020 with the subject "Kytch, and Options for Data Collection for McDonald's Equipment" and

5  that McDonald's employees Francois Blasini, John Sulit, and Mike Zagorski; two independent

6  McDonald's franchise operators, Gamble and Eric Wilson (current and former NSLC equipment

7  team leads, respectively); and certain Middleby representatives were invited.  McDonald's lacks

8  information and belief sufficient to admit or deny the allegations regarding the positions and

9  seniority of Taylor and Middleby participants and on that basis denies those allegations.  Unless

10  specifically admitted, McDonald's denies the remaining allegations in this Paragraph.  This

11  includes, but is not limited to, Kytch's characterization of Blasini, Sulit, and Zagorski as "Senior

12  Leadership."

13          145.    McDonald's denies the allegations that relate to McDonald's.  McDonald's lacks

14  information and belief sufficient to admit or deny the allegations in Paragraph 145 as to Taylor and

15  on that basis denies those allegations.

16          146.    McDonald's denies the allegations.

17          147.    McDonald's denies the allegations.

18          148.    McDonald's denies the allegations.

19          149.    McDonald's denies the allegations.  Taylor sent McDonald's a PowerPoint

20  presentation with what appear to be photographs of the Kytch device, but not until after the

21  February 13, 2020 call, and it did not contain the quoted language.  The quoted language in

22  Paragraph 149 comes from a summary of the February 13, 2020 call prepared by Mike Zagorski

23  after the call.  McDonald's lacks information and belief sufficient to admit or deny that the

24  photographs came from a South Carolina McDonald's franchise operator and on that basis denies

25  that allegation.

26          150.    McDonald's admits that Zagorski emailed Gamble and Wilson after the February

27  13, 2020 call (not a meeting) and thanked them for their "willingness to start testing the Taylor

28  solution."  Unless specifically admitted, McDonald's denies the remaining allegations in this

4134-0668-5511

1   Paragraph.

2       151.    McDonald's lacks information and belief sufficient to admit or deny the allegations

3   in Paragraph 151 and Footnote 14 regarding non-McDonald's documents not attached to the

4   Complaint and on that basis denies those allegations.

5       152.    McDonald's is informed and believes that Gamble had a telephone call with Kytch's

6   founder, Jeremy O'Sullivan, on or about February 14, 2020, and to that extent admits the allegations

7   in Paragraph 152.   McDonald's denies that McDonald's urged Gamble to speak with Kytch.

8   McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in

9   Paragraph 152 and on that basis denies those allegations.

10      153.    McDonald's admits that Taylor COO James Minard wrote in an email to Zagorski,

11  "Please let me know when you and your team have secured access to a Kytch unit and I will have

12  my team available for a complete review."  McDonald's denies that it had agreed to assist Taylor

13  in securing access to a Kytch unit.  McDonald's lacks information and belief sufficient to admit or

14  deny the remaining allegations in Paragraph 153 and on that basis denies those allegations.

15      154.    McDonald's denies that McDonald's was "offended" by Kytch's failure to approach

16  McDonald's directly.   McDonald's further denies any suggestion that McDonald's would

17  "manufacture safety concerns" about Kytch or condone such actions.   McDonald's lacks

18  information and belief sufficient to admit or deny the remaining allegations in Paragraph 154 and

19  on that basis denies those allegations.

20      155.    McDonald's lacks information and belief sufficient to admit or deny the allegations

21  in Paragraph 155 and on that basis denies those allegations.

22      156.    McDonald's lacks information and belief sufficient to admit or deny the allegations

23  in Paragraph 156 and on that basis denies those allegations.

24      Response to "***Gamble Shares Kytch's Confidential Information with McDonald's, TFG,***

25  ***and Taylor.***":  McDonald's admits that, on a few occasions, Gamble shared what appeared to be

26  high-level notifications from the Kytch device with Mike Zagorski.  McDonald's denies that

27  Gamble shared any information confidential to Kytch with McDonald's.  McDonald's lacks

28  information and belief sufficient to admit or deny the remaining allegations in this sub-heading

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

and on that basis denies those allegations. McDonald's further denies the allegations in this sub-heading to the extent that it contains legal arguments and conclusions for which no response is required.

157. McDonald's admits that Gamble appears to have signed a contract with Kytch on March 19, 2020, which was attached to Kytch's Complaint. McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 157 and on that basis denies those allegations. McDonald's further denies the allegations in Paragraph 157 to the extent that it contains legal arguments and conclusions for which no response is required.

158. To the extent this Paragraph makes factual allegations regarding the contents of a document, a purported copy of Kytch's Trial Agreement was attached to Kytch's Complaint, and the document speaks for itself. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 158 and on that basis denies those allegations. McDonald's further denies the allegations in Paragraph 158 to the extent that it contains legal arguments and conclusions for which no response is required.

159. McDonald's admits that, on a few occasions, Gamble shared what appeared to be high-level notifications from the Kytch device with Mike Zagorski. McDonald's denies that Gamble shared any information confidential to Kytch with McDonald's. McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 159 and on that basis denies those allegations. McDonald's further denies the allegations in Paragraph 159 to the extent that it contains legal arguments and conclusions for which no response is required.

160. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 160 regarding non-McDonald's documents not attached to the Complaint and on that basis denies those allegations. McDonald's further denies the allegations in Paragraph 160 to the extent that it contains legal arguments and conclusions for which no response is required.

161. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 161 and on that basis denies those allegations. McDonald's further denies the allegations in Paragraph 161 to the extent that it contains legal arguments and conclusions for which no response is required.

162.    McDonald's admits the screenshot in Paragraph 162 contains the quoted language. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 162 regarding the origins, meaning, and characterization of the document referenced therein. Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

163.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 163 regarding non-McDonald's documents not attached to the Complaint and on that basis denies those allegations.

164.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 164 and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 164 to the extent that it contains legal arguments and conclusions for which no response is required.

165.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 165 and on that basis denies those allegations.  In particular, McDonald's cannot admit or deny the length of time, amount of money, or the size of a trial program required to recreate the alleged confidential data because Kytch has not identified this data to McDonald's.  McDonald's further denies the allegations in Paragraph 165 to the extent that it contains legal arguments and conclusions for which no response is required.

166.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 166 and on that basis denies those allegations.

167.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 167 and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 167 to the extent that it contains legal arguments and conclusions for which no response is required.

168.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 168 regarding non-McDonald's documents not attached to the Complaint and on that basis denies those allegations.

169.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 169 and on that basis denies those allegations.

Response to "***Throughout 2020, Gamble Continues to Share Kytch's Confidential Information with McDonald's and Taylor.***":  McDonald's admits that Gamble shared high-level information on Kytch's rewind feature in June 2020 and displayed Kytch's online user interface with Zagorski and Taylor representatives during a video conference on June 23, 2020.  McDonald's denies that any of this information was "confidential" to Kytch.  McDonald's lacks information and belief sufficient to admit or deny the allegations in this sub-heading as to Taylor and on that basis denies those allegations.

170.    McDonald's admits that Gamble shared high-level information on Kytch's rewind feature in June 2020 and displayed Kytch's online user interface with Zagorski and Taylor representatives during a video conference on June 23, 2020.  McDonald's denies that any of this information was "confidential" to Kytch.  McDonald's denies the allegations in Paragraph 170 to the extent they relate to McDonald's.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 170 as to the actions of Gamble and Taylor and on that basis denies those allegations.   Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

171.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 171 and on that basis denies those allegations.

172.    McDonald's admits that Gamble occasionally shared high-level information with McDonald's on the Kytch device, as described in Paragraphs 159 and 170, above.  McDonald's denies that any of that information was "confidential" to Kytch.  McDonald's lacks information and belief sufficient to admit or deny the allegations regarding Gamble's alleged admissions in Paragraph 172 and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 172 to the extent that it contains legal arguments and conclusions for which no response is required.

173.    McDonald's admits the allegations in this Paragraph.

174.    McDonald's denies that John Sulit was invited; otherwise admitted.

175.    McDonald's admits that Gamble shared his thoughts about Kytch during the June 23, 2020 and displayed Kytch's web interface during the Web Ex video conference.  McDonald's

- 29 -

denies that Gamble shared any information that could be considered confidential or proprietary to Kytch. McDonald's lacks information and belief sufficient to admit or deny the allegations in the third sentence of Paragraph 175 and on that basis denies those allegations. Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph. McDonald's further denies the allegations in Paragraph 175 to the extent that it contains legal arguments and conclusions for which no response is required.

176. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 176 and on that basis denies those allegations.

177. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 177 and on that basis denies those allegations.

178. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 178 and on that basis denies those allegations.

179. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 179 and on that basis denies those allegations.

180. McDonald's admits that John Sulit sent Gamble an email on October 27, 2020 that included, among other statements, the quoted language. Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph. McDonald's further denies the allegations in Paragraph 180 to the extent that it contains legal arguments and conclusions for which no response is required.

181. McDonald's admits that the screenshot in Paragraph 181 contains the quoted language. McDonald's denies that McDonald's "tried to ramp up product development" after the June 23, 2020 call and that Taylor's IoT device was McDonald's' product. McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 181, including the allegations regarding a non-McDonald's document not attached to the Complaint, and on that basis denies those allegations.

182. McDonald's admits the screenshot in Paragraph 182 contains the quoted language. McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 182 regarding a non-McDonald's document not attached to the Complaint and on that

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1    basis denies those allegations.

2          Response to "***The Largest Group of Independent McDonald's Franchise Operators***

3    ***Endorses Kytch in October 2020.***":  McDonald's admits that Gamble endorsed Kytch at the

4    October 8, 2020 NOA conference.  Unless specifically admitted, McDonald's denies the

5    remaining allegations in this sub-heading.

6          183.    McDonald's denies any allegations in Paragraph 183 related to McDonald's.

7    McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in

8    Paragraph 183 and on that basis denies those allegations.  McDonald's further denies the allegations

9    in Paragraph 183 to the extent that it contains legal arguments and conclusions for which no

10   response is required.

11         184.    McDonald's lacks information and belief sufficient to admit or deny the allegations

12   in Paragraph 184 and on that basis denies those allegations.

13         185.    McDonald's admits that Gamble endorsed Kytch at the October 8, 2020 NOA

14   conference.  Unless specifically admitted, McDonald's denies the remaining allegations in this

15   Paragraph.

16         186.    McDonald's admits that Business Insider published an article entitled "McDonald's

17   franchisees are taking matters into their own hands to fix the chain's notoriously broken soft-serve

18   machines." Unless specifically admitted, McDonald's denies the remaining allegations in this

19   Paragraph.

20         187.    McDonald's admits that the article contains the quoted language, except that the

21   article states the device corrects for "human error."  McDonald's denies Kytch's characterization

22   of the document.

23         188.    McDonald's admits that each text message is quoted accurately and speaks for itself,

24   but McDonald's denies Plaintiff's characterization of the text messages and any factual allegation

25   beyond the contents of the text messages.  Unless specifically admitted, McDonald's denies the

26   remaining allegations in this Paragraph.

27         189.    McDonald's lacks information and belief sufficient to admit or deny the allegations

28   in Paragraph 189 regarding a non-McDonald's document not attached to the Complaint and on that

4134-0668-5511

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1   basis denies those allegations.

2        190.   McDonald's denies that there was a "backlash" against McDonald's due to the

3   McBroken.com website.  McDonald's lacks information and belief sufficient to admit or deny the

4   remaining allegations in Paragraph 190 regarding non-McDonald's documents not attached to the

5   Complaint and on that basis denies those allegations.

6        Response to "*McDonald's Launches a False Advertising Campaign to Unlawfully*

7   *Compete Against Kytch.*":  McDonald's denies the allegations.  McDonald's further denies the

8   allegations in this sub-heading to the extent that it contains legal arguments and conclusions for

9   which no response is required.

10        191.   McDonald's denies the allegations in Paragraph 191 as they relate to McDonald's.

11  Further, McDonald's lacks information and belief sufficient to admit or deny the allegations as to

12  Kytch and Taylor in Paragraph 191 and on that basis denies those allegations.

13        192.   McDonald's denies that it had to or did create a "stall tactic."  McDonald's lacks

14  information and belief sufficient to admit or deny the allegations in Paragraph 192 as to Taylor or

15  Kytch's purported rapid growth and on that basis denies those allegations.

16        193.   McDonald's lacks information and belief sufficient to admit or deny the allegations

17  in Paragraph 193 regarding a non-McDonald's document not attached to the Complaint and on that

18  basis denies those allegations.

19        194.   McDonald's lacks information and belief sufficient to admit or deny the allegations

20  in Paragraph 194 regarding a non-McDonald's document not attached to the Complaint and on that

21  basis denies those allegations.

22        195.   McDonald's lacks information and belief sufficient to admit or deny the allegations

23  in Paragraph 195 regarding a non-McDonald's document not attached to the Complaint and on that

24  basis denies those allegations.

25        196.   McDonald's denies the allegations in Paragraph 196 insofar as they relate to

26  McDonald's.  McDonald's lacks information and belief sufficient to admit or deny the allegations

27  in Paragraph 196 regarding Kytch's alleged conversation with Gamble or Taylor's conduct and on

28  that basis denies those allegations.

197.   McDonald's admits that the screenshot speaks for itself and denies Kytch's characterization of the screenshot.  Mr. O'Sullivan's purported explanation does not address McDonald's concerns regarding the risks it perceived from the Kytch device, which were not focused exclusively on electrical safety, the freezer door, or safety certifications.  Moreover, Mr. O'Sullivan's explanation ignores the obvious fact that some employees or service technicians may not follow directives to power off and unplug the C602 machine before starting work.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

198.   McDonald's denies that Mr. O'Sullivan's purported explanations would have allayed McDonald's' concerns even if McDonald's had had notice of them.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 198 regarding Mr. O'Sullivan and Mr. Gamble's purported correspondence and on that basis denies those allegations.

199.   McDonald's denies the allegations in this Paragraph.

200.   McDonald's denies the allegations in Paragraph 200 insofar as they relate to McDonald's.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 200 as to Taylor and on that basis denies those allegations.

201.   McDonald's denies the allegations as they relate to McDonald's.  McDonald's denies that any independent operators contacted McDonald's "to try to sign up for the Kytch trial." McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 201 as to Gamble and Taylor and on that basis denies those allegations.  McDonald's lacks information and belief regarding the expectations of independent operators regarding the approval of the Kytch device and therefore denies those allegations.

202.   McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 202 and on that basis denies those allegations.

203.   McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 203 and on that basis denies those allegations.  McDonald's also denies any implications that its concerns over Kytch's safety were not genuinely held.

204.   McDonald's denies the allegations in Paragraph 204 to the extent they concern the

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

"motivations" of McDonald's.  McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 204 and on that basis denies those allegations.

205.    McDonald's admits that it sent an "Important Note" on Kytch's safety risks in the Field Brief.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.  McDonald's further denies the allegations in Paragraph 205 to the extent that it contains legal arguments and conclusions for which no response is required.

206.    McDonald's admits that it published the Field Brief, which speaks for itself. McDonald's denies Plaintiff's characterization of the Field Brief and any factual allegation beyond the contents of the Field Brief.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph and Footnote 16.  McDonald's further denies the allegations in Paragraph 206 and Footnote 16 to the extent that they contain legal arguments and conclusions for which no response is required.

207.    McDonald's admits that it published the Field Brief, which speaks for itself. McDonald's denies Plaintiff's characterization of the Field Brief and any factual allegation beyond the contents of the Field Brief.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.  McDonald's further denies the allegations in Paragraph 207 to the extent that it contains legal arguments and conclusions for which no response is required.

208.    McDonald's denies that the Field Brief contains any actionable false or misleading statement of fact.  The Field Brief speaks for itself.  McDonald's denies Plaintiff's characterization of the Field Brief and any factual allegation beyond the contents of the Field Brief.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 208 as to Taylor's internal records and on that basis denies those allegations.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.  McDonald's further denies the allegations in Paragraph 208 to the extent that it contains legal arguments and conclusions for which no response is required.

209.    McDonald's denies the allegations in this Paragraph.

210.    McDonald's admits that McDonald's sent the Field Brief to all U.S. McDonald's restaurant operators.  McDonald's denies Plaintiff's characterizations of the Field Brief including

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

that it was a false advertisement.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 210 as to Taylor, Kytch, or Kytch's customers and on that basis denies those allegations.   Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.  McDonald's further denies the allegations in Paragraph 210 to the extent that it contains legal arguments and conclusions for which no response is required.

211.   McDonald's denies the allegations in Paragraph 211 to the extent they concern McDonald's.  McDonald's lacks information and belief regarding who, if anyone, Taylor sent the Field Brief to and on that basis denies the allegations in Paragraph 211 on that topic.  McDonald's further denies the allegations in Paragraph 211 to the extent that it contains legal arguments and conclusions for which no response is required.

212.   McDonald's denies the allegations in Paragraph 212 to the extent they concern McDonald's, including the allegations that the Field Brief was baseless, a false advertisement, a stall tactic, or that it would mislead consumers.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 212 as to Taylor and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 212 to the extent it contains legal arguments and conclusions for which no response is required.

213.   McDonald's denies the allegations in Paragraph 213 to the extent they concern McDonald's.  McDonald's specifically denies that the Field Brief contained false and misleading statements.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 213 as to Taylor and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 213 to the extent it contains legal arguments and conclusions for which no response is required.

214.   McDonald's denies the allegations.  McDonald's specifically denies that the Field Brief contained false and misleading statements.  McDonald's further denies the allegations in Paragraph 214 to the extent it contains legal arguments and conclusions for which no response is required.

215.   McDonald's denies the allegations .  McDonald's specifically denies that the Field Brief contained false and misleading statements.  McDonald's further denies the allegations in

Paragraph 215 to the extent it contains legal arguments and conclusions for which no response is required.

216.    McDonald's denies the allegations .  McDonald's specifically denies that the Field Brief contained false and misleading statements.  McDonald's further denies the allegations in Paragraph 216 to the extent it contains legal arguments and conclusions for which no response is required.

217.    McDonald's denies the allegations alleged against McDonald's.  McDonald's specifically denies that the Field Brief contained false and misleading statements.  McDonald's lacks information and belief as to Taylor's knowledge of the Kytch device and on that basis denies any allegations in this Paragraph related thereto.  McDonald's further denies the allegations in Paragraph 217 to the extent it contains legal arguments and conclusions for which no response is required.

218.    McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 218 to the extent that it contains legal arguments and conclusions for which no response is required.

219.    McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 219 to the extent that it contains legal arguments and conclusions for which no response is required.

220.    McDonald's denies the allegations.  To the extent Paragraph 220 contains legal arguments and conclusions for which no response is required, the allegations are further denied.

221.    McDonald's denies the allegations.  To the extent Paragraph 221 contains legal arguments and conclusions for which no response is required, the allegations are further denied.

222.    McDonald's denies the allegations.  To the extent Paragraph 222 contains legal arguments and conclusions for which no response is required, the allegations are further denied.

223.    McDonald's denies Plaintiff's characterization that the Field Brief was a false advertisement.  McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 223 and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 223 to the extent that it contains legal arguments and conclusions for

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1   which no response is required.

2   224.   McDonald's denies Plaintiff's characterization that the Field Brief was a false

3   advertisement.  McDonald's lacks information and belief sufficient to admit or deny the remaining

4   allegations in Paragraph 224 and on that basis denies those allegations.  McDonald's further denies

5   the allegations in Paragraph 224 to the extent that it contains legal arguments and conclusions for

6   which no response is required.

7   Response to "***After Urging Consumers to Boycott Kytch, McDonald's Directed Gamble***

8   ***and Others to Continue to Use the KSD to Help Taylor Incorporate Kytch's Technology into***

9   ***Open Kitchen.***":  McDonald's denies the allegations.

10   225.   McDonald's denies the allegations.  McDonald's specifically denies Plaintiff's

11   characterization that the Field Brief was an advertisement.  To the extent Paragraph 225 contains

12   legal arguments and conclusions for which no response is required, the allegations are further

13   denied.

14   226.   McDonald's denies the allegations.

15   227.   McDonald's denies the allegations.

16   228.   McDonald's admits that Gamble, Wilson, Balducci, and others attended bi-weekly

17   focus groups on Open Kitchen.  McDonald's lacks information and belief sufficient to admit or

18   deny the contents of meeting minutes that were not attached to the Complaint.  McDonald's denies

19   any allegations stating or implying that Open Kitchen is McDonald's' product.  Unless specifically

20   admitted, McDonald's denies the remaining allegations in this Paragraph.

21   229.   McDonald's denies the allegations.

22   230.   McDonald's denies the allegations.

23   231.   McDonald's lacks information and belief sufficient to admit or deny the allegations

24   in this Paragraph and on that basis denies them.

25   232.   McDonald's lacks information and belief sufficient to admit or deny the allegations

26   in Paragraph 232, including allegations regarding non-McDonald's documents not attached to the

27   Complaint, and on that basis denies those allegations.  McDonald's further denies Kytch's

28   characterizations of the screenshots of the animated "device functions," including but not limited

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1  to Kytch's characterization of the PHD and Kytch screenshots as "identical."   The screenshots

2  speak for themselves.

3          233.    McDonald's lacks information and belief sufficient to admit or deny the allegations

4  in Paragraph 233, including allegations regarding non-McDonald's documents not attached to the

5  Complaint, or allegations regarding Kytch's features and benefits, and on that basis denies those

6  allegations.  The screenshot speaks for itself.

7          234.    McDonald's admits that Open Kitchen provides servings reports.    Unless

8  specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

9          235.    McDonald's admits that PHD provides certain real-time alerts.  McDonald's further

10  understands that Kytch and Open Kitchen may share overlap in terms of some alerts, but that is

11  because both devices interface with the same C602 machines, pulling from the same limited set of

12  data points, and reporting on the same kinds of events in the machine's operations.  Earlier IoT

13  devices that existed years before Kytch were set up to interface with the C602 and also had similar

14  alerts.  McDonald's lacks information and belief sufficient to ascertain the full suite of alerts and

15  features available from Open Kitchen or Kytch, and thus cannot admit or deny the extent to which

16  Open Kitchen and Kytch's features overlap.   Therefore, McDonald's denies the allegations in

17  Paragraph 235 to the extent they suggest there is perfect, or even a high degree of overlap.

18          236.    McDonald's admits that the C602 lacks the ability to access the internet absent an

19  add-on device.  McDonald's lacks information and belief sufficient to admit or deny the remaining

20  allegations in Paragraph 236 and on that basis denies those allegations.

21          237.    McDonald's admits the allegation in Footnote 17 that Kytch filed Complaint in

22  Alameda County Superior Court based on trade secret misappropriation, breach of contract, and

23  tortious interference with contract against Taylor, Gamble, and TFG.  McDonald's denies all other

24  allegations in Paragraph 237 and Footnote 17.

25          Response to "***McDonald's, Taylor, and Middleby Have Repeatedly Misled Consumers***

26  ***with Empty Promises About the 'Imminent Release' of Workable IoT Solutions.***":  McDonald's

27  denies the allegations as to McDonald's.  McDonald's observes that Open Kitchen has been

28  tested for almost two years in approximately 30 McDonald's restaurants.  McDonald's lacks

4134-0668-5511

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-cv-01998-TSH

information and belief sufficient to admit or deny the allegations in this sub-heading as to Taylor and Middleby and on that basis denies those allegations.

238.    McDonald's admits that McDonald's' Field Brief disclosed a target launch date of Q1 2021.  Unless specifically admitted, McDonald's denies all other allegations in Paragraph 238. Further, McDonald's has unilaterally opted to delay the release for business reasons unrelated to the products readiness for market.  McDonald's observes that Open Kitchen has been tested for almost two years in approximately 30 McDonald's restaurants.

239.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 239, including allegations regarding non-McDonald's documents not attached to the Complaint, and on that basis denies those allegations.

240.    McDonald's denies the allegations.

241.    McDonald's admits that a Business Insider article appears to have been published that contains the quoted language.  McDonald's denies that the quoted language is attributable to a McDonald's spokesperson.   Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.

242.    McDonald's admits that the screenshots in Paragraph 242 contain some of the quoted language, but denies Kytch's characterization of the documents.  McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 242 regarding the source and nature of the documents and on that basis denies those allegations.

243.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 243 and on that basis denies those allegations.

244.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 244, including allegations regarding non-McDonald's documents not attached to the Complaint, and on that basis denies those allegations.

245.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 245, including allegations regarding non-McDonald's documents not attached to the Complaint or the authenticity of the screenshot, and on that basis denies those allegations.

246.    McDonald's lacks information and belief sufficient to admit or deny the allegations

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-cv-01998-TSH

1    in Paragraph 246 and on that basis denies those allegations.

2        247.    McDonald's lacks information and belief sufficient to admit or deny the allegations

3    in Paragraph 247, including allegations regarding non-McDonald's documents not attached to the

4    Complaint or the authenticity of the screenshot, and on that basis denies those allegations.

5        248.    McDonald's lacks information and belief sufficient to admit or deny the allegations

6    in Paragraph 248, including allegations regarding non-McDonald's documents not attached to the

7    Complaint, and on that basis denies those allegations.

8        249.    McDonald's lacks information and belief sufficient to admit or deny the allegations

9    in Paragraph 249 and on that basis denies those allegations.

10        250.    McDonald's lacks information and belief sufficient to admit or deny the allegations

11    in Paragraph 250 and on that basis denies those allegations.

12        Response to "***McDonald's Published the False Advertisements with Reckless Disregard***

13    ***for the Truth.***":  McDonald's denies the allegations.  McDonald's further denies the allegations

14    in this sub-heading to the extent that it contains legal arguments and conclusions for which no

15    response is required.

16        251.    McDonald's denies the allegations.  McDonald's further denies the allegations in

17    Paragraph 251 to the extent that it contains legal arguments and conclusions for which no response

18    is required.

19        252.    McDonald's admits that Gamble messaged John Sulit about Kytch in October 2020,

20    but McDonald's denies that Sulit actually reviewed the message, or that the message would have

21    assuaged any of McDonald's safety concerns if it had been aware of it.  McDonald's lacks

22    information and belief sufficient to admit or deny the allegations in Paragraph 252 as to Taylor and

23    on that basis denies those allegations.  Unless specifically admitted, McDonald's denies the

24    remaining allegations in this Paragraph.  McDonald's further denies the allegations in Paragraph

25    252 to the extent that it contains legal arguments and conclusions for which no response is required.

26        253.    McDonald's denies the allegations in Paragraph 253 to the extent they relate to

27    McDonald's.  McDonald's lacks information and belief sufficient to admit or deny the allegations

28    in Paragraph 253 as to Taylor's beliefs and actions and Kytch's competition and on that basis denies

- 40 -

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

those allegations.  McDonald's further denies the allegations in Paragraph 253 to the extent that it contains legal arguments and conclusions for which no response is required.

254.    McDonald's denies that McDonald's "intentionally avoided obvious sources of information that contradicted its statements"; otherwise admitted.  McDonald's further denies the allegations in Paragraph 254 to the extent that it contains legal arguments and conclusions for which no response is required.

255.    McDonald's admits that Gamble endorsed Kytch at the October 8, 2020 NOA conference.  McDonald's admits that McDonald's knew that some franchise operators were involved in McDonald's' equipment evaluation efforts.  Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph.  McDonald's further denies the allegations in Paragraph 255 to the extent that it contains legal arguments and conclusions for which no response is required.

256.    McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 256 to the extent that it contains legal arguments and conclusions for which no response is required.

257.    McDonald's denies all allegations in Paragraph 257 regarding McDonald's. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 257 regarding Taylor's product and the beliefs and actions of Taylor and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 257 to the extent that it contains legal arguments and conclusions for which no response is required.

258.    McDonald's denies the allegations.

259.    McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 259 to the extent that it contains legal arguments and conclusions for which no response is required.

260.    McDonald's denies the allegations in Paragraph 260 related to McDonald's. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 260 regarding Taylor's actions and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 260 to the extent that it contains legal arguments and

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1    conclusions for which no response is required.

2         Response to "***McDonald's and Taylor Doubled Down on Their False Claims Even After***

3    ***Kytch Provided Formal Written Notice of the Facts.***":  McDonald's admits that it has not

4    retracted the Field Brief.  McDonald's denies that it has made false and damaging accusations

5    that need to be retracted.  McDonald's lacks information and belief sufficient to admit or deny

6    this sub-heading as to Taylor and on that basis denies those allegations.  Unless specifically

7    admitted, McDonald's denies the remaining allegations in this sub-heading.  McDonald's further

8    denies the allegations in this sub-heading to the extent that it contains legal arguments and

9    conclusions for which no response is required.

10        261.    McDonald's denies the existence of any "false advertisement".  McDonald's lacks

11   information and belief sufficient to admit or deny the allegations in Paragraph 261 regarding the

12   letter to Taylor and on that basis denies those allegations.

13        262.    McDonald's admits a copy of the letter is attached as Exhibit 2.

14        263.    McDonald's admits that Kytch sent the September 21, 2021 letter, which speaks for

15   itself, but McDonald's denies Plaintiff's characterization of the letter and any factual allegations

16   contained therein.

17        264.    McDonald's admits a copy of the letter is attached as Exhibit 3.

18        265.    McDonald's admits that it has not retracted the Field Brief.  McDonald's denies that

19   it has made false and damaging accusations that need to be retracted.   McDonald's lacks

20   information and belief sufficient to admit or deny the allegations in Paragraph 265 as to Taylor and

21   on that basis denies those allegations.   Unless specifically admitted, McDonald's denies the

22   remaining allegations in this Paragraph.  McDonald's further denies the allegations in Paragraph

23   265 to the extent that it contains legal arguments and conclusions for which no response is required.

24        Response to "***McDonald's Tortious and Unlawful Conduct Destroyed Kytch's***

25   ***Business.***":  McDonald's denies the allegations.  McDonald's further denies the allegations in this

26   sub-heading to the extent that it contains legal arguments and conclusions for which no response

27   is required.  McDonald's denies that its actions caused any cognizable injury to Kytch.

28        266.    McDonald's denies the allegations.  McDonald's further denies the allegations in

Paragraph 266 to the extent that it contains legal arguments and conclusions for which no response is required.  McDonald's denies that its actions caused any cognizable injury to Kytch.

267.    McDonald's denies the existence of any "advertisement," and that the Field Brief was false or unduly disparaging.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 267 regarding Kytch's value or reputation and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 267 to the extent that it contains legal arguments and conclusions for which no response is required.  McDonald's denies that its actions caused any cognizable injury to Kytch.

268.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 268 and on that basis denies those allegations.  McDonald's denies that its actions caused any cognizable injury to Kytch.

269.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 269 and on that basis denies those allegations.  McDonald's denies that its actions caused any cognizable injury to Kytch.

270.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 270 and on that basis denies those allegations.

271.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 271 and on that basis denies those allegations.

272.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 272 and on that basis denies those allegations.

273.    McDonald's denies that Kytch has innovative solutions or that those "solutions are now in McDonald's…hands."  McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 273 and on that basis denies those allegations.  McDonald's denies that its actions caused any cognizable injury to Kytch.

274.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 274 and on that basis denies those allegations.  McDonald's denies that its actions caused any cognizable injury to Kytch.

275.    McDonald's lacks information and belief sufficient to admit or deny the allegations

1  in Paragraph 275 and on that basis denies those allegations.  McDonald's denies that its actions

2  caused any cognizable injury to Kytch.

3      276.   McDonald's lacks information and belief sufficient to admit or deny the allegations

4  in Paragraph 276 and on that basis denies those allegations.  McDonald's denies that its actions

5  caused any cognizable injury to Kytch.

6      277.   McDonald's lacks information and belief sufficient to admit or deny the allegations

7  in Paragraph 277 and on that basis denies those allegations.

8                    **CAUSES OF ACTION**

9                  **FIRST CAUSE OF ACTION**

10              **Tortious Interference of Contract**

11      278.   Paragraph 278 contains no factual statement to admit or deny.  McDonald's also

12  incorporates by reference each and every Paragraph above as if fully set forth herein.

13      279.   McDonald's admits that there is an exhibit attached to the Complaint that purports

14  to be a NDA between Gamble and Kytch.  McDonald's lacks information and belief sufficient to

15  admit or deny the remaining allegations in Paragraph 279 and on that basis denies those allegations.

16  McDonald's further denies Paragraph 279 to the extent it contains legal arguments and conclusions

17  regarding the authenticity, validity, or enforceability of the purported NDAs, for which no response

18  is required.

19      280.   Paragraph 280 contains legal conclusions regarding the legal effect of a document

20  for which no response is required.  The allegations are therefore denied.

21      281.   Paragraph 281 contains legal conclusions regarding the legal effect of a document

22  for which no response is required.  The allegations are therefore denied.

23      282.   McDonald's denies the allegations.  McDonald's further denies the allegations in

24  Paragraph 282 to the extent that it contains legal arguments and conclusions for which no response

25  is required.

26      283.   McDonald's denies the allegations.  McDonald's further denies the allegations in

27  Paragraph 283 to the extent that it contains legal arguments and conclusions for which no response

28  is required.

284.   McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 284 to the extent that it contains legal arguments and conclusions for which no response is required.

285.   McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 285 to the extent that it contains legal arguments and conclusions for which no response is required.

286.   McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 286 to the extent that it contains legal arguments and conclusions for which no response is required.  McDonald's denies that its actions caused any cognizable injury, indivisible or otherwise, to Kytch.

287.   McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 287 to the extent that it contains legal arguments and conclusions for which no response is required.  McDonald's denies that its actions caused any cognizable injury, indivisible or otherwise, to Kytch.

## SECOND CAUSE OF ACTION

### False Advertising - Lanham Act (15 U.S.C. § 1125(a)(1)(B))

288.   Paragraph 288 contains no factual statement to admit or deny.  McDonald's also incorporates by reference each and every Paragraph above as if fully set forth herein.

289.   McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 289 to the extent that it contains legal arguments and conclusions for which no response is required.

290.   McDonald's admits that McDonald's directed the Field Brief to its U.S. franchisees. Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph. McDonald's further denies the allegations in Paragraph 290 to the extent that it contains legal arguments and conclusions for which no response is required.

291.   McDonald's denies the allegations.   The Field Brief speaks for itself, and McDonald's denies making any statement not expressly made therein, as well as any characterization of the statements by Kytch, including Kytch's characterization of the statements

- 45 -

in the Field Brief as false or an advertisement.  McDonald's further denies the allegations in Paragraph 291 to the extent that it contains legal arguments and conclusions for which no response is required.

292.    McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 292 to the extent that it contains legal arguments and conclusions for which no response is required.

293.    McDonald's denies the allegations as to McDonald's.  McDonald's lacks information and belief sufficient to admit or deny the remaining allegations in Paragraph 293 and on that basis denies those allegations.  McDonald's further denies the allegations in Paragraph 293 to the extent that it contains legal arguments and conclusions for which no response is required. McDonald's denies that its actions caused any cognizable injury to Kytch.

294.    McDonald's admits that the Field Brief contained statements about health and safety of the Kytch device.  Unless specifically admitted, McDonald's denies all other allegations in Paragraph 294 (including but not limited to Kytch's claim that such statements were false). McDonald's further denies the allegations in Paragraph 294 to the extent that it contains legal arguments and conclusions for which no response is required.

295.    McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 295 to the extent that it contains legal arguments and conclusions for which no response is required.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 295 regarding the state of mind, motivations, and actions of Kytch customers and on that basis denies those allegations.  McDonald's denies that its actions caused any cognizable injury to Kytch.

296.    McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 296 to the extent that it contains legal arguments and conclusions for which no response is required.  McDonald's denies that its actions caused any cognizable injury to Kytch.

297.    McDonald's denies the allegations.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 297 regarding the actions of unidentified "consumers" and "customers and prospective customers" of Kytch and on that basis denies those

4134-0668-5511

allegations.  McDonald's further denies the allegations in Paragraph 297 to the extent that it contains legal arguments and conclusions for which no response is required.  McDonald's denies that its actions caused any cognizable injury to Kytch.

298.    McDonald's denies the allegations.  McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 298 regarding the actions of unidentified "consumers" and on that basis denies those allegations.  McDonald's further denies the allegations in this Paragraph to the extent it contains legal arguments and conclusions for which no response is required.  McDonald's denies that its actions caused any cognizable injury to Kytch.

299.    Paragraph 299 consists solely of legal conclusions for which no response is required.  The allegations are therefore denied.  McDonald's denies that its actions caused any cognizable injury to Kytch.

## THIRD CAUSE OF ACTION

### False Advertising in Violation of Cal. Bus. & Prof. Code § 17500, et seq.

300.    Paragraph 300 contains no factual statement to admit or deny.  McDonald's also incorporates by reference each and every Paragraph above as if fully set forth herein.

301.    McDonald's admits that the Field Brief was sent to recipients located in California.  Unless specifically admitted, McDonald's denies the remaining allegations in Paragraph 301.  McDonald's further denies the allegations in this Paragraph to the extent it contains legal arguments and conclusions for which no response is required.

302.    McDonald's denies the allegations.  McDonald's further denies the allegations in this Paragraph to the extent it contains legal arguments and conclusions for which no response is required.

303.    McDonald's denies the allegations.  McDonald's further denies the allegations in this Paragraph to the extent it contains legal arguments and conclusions for which no response is required.

304.    McDonald's denies the allegations.  McDonald's further denies the allegations in this Paragraph to the extent it contains legal arguments and conclusions for which no response is required.

- 47 -

305.    McDonald's denies that its actions caused any cognizable injury to Kytch. McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 298 related to Kytch's alleged lost revenue and on that basis denies those allegations.  McDonald's further denies the allegations in this Paragraph to the extent it contains legal arguments and conclusions for which no response is required.

**FOURTH CAUSE OF ACTION**

**Trade Libel**

306.    Paragraph 306 contains no factual statement to admit or deny.  McDonald's also incorporates by reference each and every Paragraph above as if fully set forth herein.

307.    McDonald's admits that it prepared and transmitted the Field Brief to U.S. franchisees and that the Field Brief speaks for itself, but McDonald's denies Plaintiff's characterization of the Field Brief and any factual allegation beyond the contents of the Field Brief. Unless specifically admitted, McDonald's denies the remaining allegations in this Paragraph. McDonald's further denies the allegations in Paragraph 307 to the extent that it contains legal arguments and conclusions for which no response is required.

308.    McDonald's denies the allegations.

309.    McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 309 to the extent that it contains legal arguments and conclusions for which no response is required.

310.    McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 310 to the extent that it contains legal arguments and conclusions for which no response is required.

311.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 311 and on that basis denies those allegations.  McDonald's denies that its actions caused any cognizable injury to Kytch.

312.    McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 312 and on that basis denies those allegations.  McDonald's denies that its actions caused any cognizable injury to Kytch.

313.   McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 313 to the extent that it contains legal arguments and conclusions for which no response is required.

314.   McDonald's lacks information and belief sufficient to admit or deny the allegations in Paragraph 314 and on that basis denies those allegations.

315.   McDonald's denies the allegations in Paragraph 315, including but not limited to the allegation that McDonald's made a statement that "consumers are unable to view or control the Kytch solution" and that any of McDonald's Field Brief statements were literally false or even misleading.  McDonald's admits that Kytch has a rewind feature, and enables remote control and automated operation of the Taylor C602 shake machines.  McDonald's denies that these facts render McDonald's statements false or misleading.  McDonald's further denies the allegations in Paragraph 315 to the extent that it contains legal arguments and conclusions for which no response is required.

316.   McDonald's denies the allegations.  McDonald's further denies the allegations in Paragraph 316 to the extent that it contains legal arguments and conclusions for which no response is required.

317.   McDonald's denies the allegations in Paragraph 317 regarding McDonald's intentions, and denies that its actions caused any cognizable injury to Kytch.  To the extent Paragraph 317 contains legal arguments and conclusions for which no response is required, the allegations are further denied.

318.   McDonald's denies the allegations, except to the extent Paragraph 318 alleges that in February 2020 McDonald's had a conversation with Taylor, Middleby, Eric Wilson and Gamble to discuss Kytch.  McDonald's expressly denies that there was any discussion of "infiltration" of the Kytch trial.  McDonald's further denies that McDonald's intended to or did fabricate safety concerns to drive Kytch out of the market, that McDonald's made any false or misleading statements regarding Kytch, that McDonald's had actual (or any other) knowledge of such alleged falsity, and that Kytch "does not create any incremental risk in Taylor's soft-serve machines." McDonald's lacks information and belief sufficient to admit or deny Kytch's allegations about what

4134-0668-5511

1    Gamble told Kytch and on that basis denies those allegations.   Unless specifically admitted,

2    McDonald's denies the remaining allegations in this Paragraph.   To the extent Paragraph 318

3    contains legal arguments and conclusions for which no response is required, the allegations are

4    further denied.

5        319.   McDonald's denies the allegations, except to the extent that Kytch alleges

6    McDonald's published the Field Brief at a time later than Gamble's recommendation that

7    franchisees use Kytch at the October 8, 2020 NOA conference, which is admitted.   Unless

8    specifically admitted, McDonald's denies the remaining allegations in this Paragraph.  To the extent

9    Paragraph 319 contains legal arguments and conclusions for which no response is required, the

10   allegations are further denied.

11       320.   McDonald's denies the allegations.  McDonald's never reviewed any such message,

12   nor would McDonald's have understood it to come from Kytch if it had.  Nor would the contents

13   of the text message have addressed McDonald's safety concerns.   To the extent Paragraph 320

14   contains legal arguments and conclusions for which no response is required, the allegations are

15   further denied.

16       321.   McDonald's admits that, on occasion in 2020, Gamble shared high-level

17   information on the Kytch device, and that one text message appears to reflect information on the

18   Kytch Rewind feature similar (if not identical) to information that Kytch has freely shared in its

19   own marketing materials.   McDonald's denies the allegation that McDonald's did not have

20   legitimate concerns about safety.  Indeed, McDonald's did have legitimate concerns about safety

21   as reflected in the Field Brief.  McDonald's lacks information and belief sufficient to admit or deny

22   the allegations in Paragraph 321 regarding the actions of Taylor and on that basis denies those

23   allegations.  To the extent Paragraph 321 contains legal arguments and conclusions for which no

24   response is required, the allegations are further denied.  Unless specifically admitted, McDonald's

25   denies the remaining allegations in this Paragraph.

26       322.   McDonald's denies the allegations, except to the extent Kytch alleges McDonald's

27   did not contact Kytch, which McDonald's admits.  McDonald's denies that it was under any duty

28   or obligation to do so.  To the extent Paragraph 322 contains legal arguments and conclusions for

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1   which no response is required, the allegations are further denied.  Unless specifically admitted,

2   McDonald's denies the remaining allegations in this Paragraph.

3       323.   McDonald's admits Kytch sent the September 21, 2021 letter to McDonald's, and

4   the letter speaks for itself.  McDonald's lacks information and belief sufficient to admit or deny

5   Kytch's allegations regarding its conversations or correspondence with Taylor.

6       324.   McDonald's admits that it has not retracted the Field Brief.  Unless specifically

7   admitted, McDonald's denies the remaining allegations in Paragraph 324.  McDonald's further

8   denies the allegations in this Paragraph to the extent it contains legal arguments and conclusions

9   for which no response is required.

10      325.   McDonald's denies the allegations.  McDonald's further denies the allegations in

11  this Paragraph to the extent it contains legal arguments and conclusions for which no response is

12  required.

13      326.   McDonald's denies the allegations.  McDonald's further denies the allegations in

14  this Paragraph to the extent it contains legal arguments and conclusions for which no response is

15  required.  McDonald's denies that its actions caused any cognizable injury to Kytch.

16                              **FIFTH CAUSE OF ACTION**

17                  **Intentional Interference with Business Expectancy**

18      327.   Paragraph 327 contains no factual statement to admit or deny.  McDonald's also

19  incorporates by reference each and every Paragraph above as if fully set forth herein.

20      328.   McDonald's lacks information and belief sufficient to admit or deny Kytch's

21  allegations and on that basis denies the allegations.  McDonald's further denies on the grounds that

22  Paragraph 328 contains legal arguments and conclusions for which no response is required.

23      329.   McDonald's denies the allegations.  McDonald's further denies on the grounds that

24  Paragraph 329 contains legal arguments and conclusions for which no response is required.

25      330.   McDonald's denies the allegations.  McDonald's further denies on the grounds that

26  Paragraph 330 contains legal arguments and conclusions for which no response is required.

27  McDonald's denies that its actions caused any cognizable injury to Kytch.

28      331.   McDonald's denies the allegations.  McDonald's further denies on the grounds that

Paragraph 331 contains legal arguments and conclusions for which no response is required. McDonald's denies that its actions caused any cognizable injury to Kytch.

332.   McDonald's denies the allegations.  McDonald's denies that its actions caused any cognizable injury to Kytch.

333.   McDonald's denies the allegations.  McDonald's further denies on the grounds that Paragraph 333 contains legal arguments and conclusions for which no response is required.

334.   McDonald's denies the allegations.  McDonald's further denies on the grounds that Paragraph 334 contains legal arguments and conclusions for which no response is required. McDonald's denies that its actions caused any cognizable injury to Kytch.

335.   McDonald's denies the allegations.  McDonald's further denies on the grounds that Paragraph 335 contains legal arguments and conclusions for which no response is required. McDonald's denies that its actions caused any cognizable injury to Kytch.

336.   McDonald's denies the allegations.  McDonald's further denies on the grounds that Paragraph 336 contains legal arguments and conclusions for which no response is required. McDonald's denies that its actions caused any cognizable injury to Kytch.

### SIXTH CAUSE OF ACTION

### Negligent Interference with Business Expectancy

337.   Paragraph 337 contains no factual statement to admit or deny.  McDonald's also incorporates by reference each and every Paragraph above as if fully set forth herein.

338.   Kytch's negligent interference with prospective economic advantage claim has been dismissed with prejudice; therefore, McDonald's is not required to admit or deny these allegations.

339.   Kytch's negligent interference with prospective economic advantage claim has been dismissed with prejudice; therefore, McDonald's is not required to admit or deny these allegations.

340.   Kytch's negligent interference with prospective economic advantage claim has been dismissed with prejudice; therefore, McDonald's is not required to admit or deny these allegations.

341.   Kytch's negligent interference with prospective economic advantage claim has been dismissed with prejudice; therefore, McDonald's is not required to admit or deny these allegations.

342.   Kytch's negligent interference with prospective economic advantage claim has been

1    dismissed with prejudice; therefore, McDonald's is not required to admit or deny these allegations.

2         343.    Kytch's negligent interference with prospective economic advantage claim has been

3    dismissed with prejudice; therefore, McDonald's is not required to admit or deny these allegations.

4         344.    Kytch's negligent interference with prospective economic advantage claim has been

5    dismissed with prejudice; therefore, McDonald's is not required to admit or deny these allegations.

6         345.    Kytch's negligent interference with prospective economic advantage claim has been

7    dismissed with prejudice; therefore, McDonald's is not required to admit or deny these allegations.

8         346.    Kytch's negligent interference with prospective economic advantage claim has been

9    dismissed with prejudice; therefore, McDonald's is not required to admit or deny these allegations.

10        347.    Kytch's negligent interference with prospective economic advantage claim has been

11   dismissed with prejudice; therefore, McDonald's is not required to admit or deny these allegations.

12                           **SEVENTH CAUSE OF ACTION**

13            **Deceptive Trade Practices - Cal. Bus. & Prof. Code § 17200**

14        348.    Paragraph 348 contains no factual statement to admit or deny.  McDonald's also

15   incorporates by reference each and every Paragraph above as if fully set forth herein.

16        349.    McDonald's denies the allegations.  McDonald's further denies on the grounds that

17   Paragraph 349 contains legal arguments and conclusions for which no response is required.

18        350.    McDonald's denies the allegations.  McDonald's further denies on the grounds that

19   Paragraph 350 contains legal arguments and conclusions for which no response is required.

20        351.    McDonald's denies the allegations.  McDonald's further denies on the grounds that

21   Paragraph 351 contains legal arguments and conclusions for which no response is required

22   McDonald's denies that its actions caused any cognizable injury to Kytch.

23        352.    McDonald's denies on the grounds that Paragraph 352 contains legal arguments and

24   conclusions for which no response is required.  McDonald's denies that its actions caused any

25   cognizable injury to Kytch.

26        353.    McDonald's denies the allegations.  McDonald's further denies on the grounds that

27   Paragraph 353 contains legal arguments and conclusions for which no response is required.

28   McDonald's denies that its actions caused any cognizable injury to Kytch.

- 53 -

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1

## **PRAYER FOR RELIEF**

2          McDonald's denies that Kytch is entitled to any relief whatsoever.  To the extent Kytch

3   prays for relief that is available to it under its Negligent Interference with Business Expectancy

4   claim but not under any of its other claims for relief, such demand is ineffective because the

5   Court dismissed with prejudice Kytch's Negligent Interference with Business Expectancy claim

6   on March 29, 2023.

7

## **DEFENSES**

8          In addition to the above, McDonald's sets forth below its defenses.  Each defense is

9   asserted as to all claims for relief against McDonald's, except where otherwise noted.  By setting

10  forth these defenses, McDonald's does not concede that these are affirmative defenses and does

11  not assume the burden of proving any fact, issue, or element of a cause of action where such

12  burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be

13  construed as an acknowledgment that any particular issue or subject matter necessarily is relevant

14  to Plaintiff's allegations.

15

## **FIRST DEFENSE**

16

### **(Failure to State a Claim)**

17         Plaintiff's Complaint fails to state a claim upon which relief can be granted or state facts

18  sufficient to constitute a cause of action against McDonald's.

19

## **SECOND DEFENSE**

20

### **(No Actual Injury)**

21         Plaintiff's claims are barred, in whole or in part, because it has suffered no injury in fact

22  and therefore has suffered no damages for which McDonald's is liable.

23

## **THIRD DEFENSE**

24

### **(Free Speech)**

25         Plaintiff's claims are barred, in whole or in part, insofar as they challenge the exercise of

26  rights protected by the California Constitution and the First Amendment of the Constitution of the

27  United States.  Plaintiffs' claims that rely upon the Field Brief are also barred, in whole or in part,

28  because the Field Brief is not an "advertisement" and does not constitute commercial speech.

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1

**FOURTH DEFENSE**

2

**(Statements Not in Commercial Advertising or Promotion)**

3     Any statements or representations claimed to have been made by McDonald's of and

4    concerning Plaintiff are not actionable under 15 U.S.C.A. § 1125(a) because they were not in

5    "commercial advertising or promotion" as those terms are defined under 15 U.S.C.A. § 1125(a) in

6    that the statements or representations: (a) did not constitute commercial speech under 15 U.S.C.A.

7    § 1125; and/or (b) were not motivated primarily by McDonald's' economic concerns.

8

**FIFTH DEFENSE**

9

**(Statements Not Made in Connection With Defendant's Goods/Services)**

10     Any statements claimed to have been made by McDonald's of and concerning Plaintiff are

11    not actionable under 15 U.S.C.A. § 1125(a) because they were not made in connection with

12    McDonald's' goods and/or services.

13

**SIXTH DEFENSE**

14

**(Truth)**

15     Plaintiff's claims are barred, in whole or in part, because the allegedly false and/or

16    defamatory statements were true or substantially true.

17

**SEVENTH DEFENSE**

18

**(No Malice)**

19     Plaintiff's claims are barred, in whole or in part, because the allegedly false and/or

20    defamatory statements were made without malice.

21

**EIGHTH DEFENSE**

22

**(Opinion)**

23     Plaintiff's claims against McDonald's are barred, in whole or in part, because the

24    allegedly false and/or defamatory statements were opinion.

25

**NINTH DEFENSE**

26

**(Statutory Privilege)**

27     Plaintiff's claims against McDonald's are barred, in whole or in part, because the allegedly

28    false and/or defamatory statements were privileged under California Civil Code Section 47(c).

4134-0668-5511

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

1

**TENTH DEFENSE**

2

**(Privilege)**

3        Plaintiff's claims against McDonald's are barred, in whole or in part, because McDonald's

4    had a privilege to protect its own interests, including its own economic interest.

5

**ELEVENTH DEFENSE**

6

**(Justification)**

7        Plaintiff's claims against McDonald's are barred, in whole or in part, because McDonald's

8    had legitimate justifications for the conduct at issue.

9

**TWELFTH DEFENSE**

10

**(Preemption)**

11        Plaintiff's state law claims against McDonald's are barred, in whole or in part, by the

12    California Uniform Trade Secrets Act.

13

**THIRTEENTH DEFENSE**

14

**(Conduct Permitted by Law)**

15        Plaintiff's claims against McDonald's are barred, in whole or in part, to the extent that

16    McDonald's conduct was permitted by law.

17

**FOURTEENTH DEFENSE**

18

**(Failure to Mitigate)**

19        Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its

20    damages, if any.  Kytch waited almost one year (until September 21, 2021) to contact

21    McDonald's regarding the alleged false advertisement to request a retraction.

22

**FIFTEENTH DEFENSE**

23

**(Speculative or No Damages)**

24        Plaintiff's claims are barred, in whole or in part, because McDonald's not cause, directly

25    or indirectly, the alleged damages complained of, and the alleged damages, if any, are speculative

26    and impossible to ascertain.

27    ///

28    ///

MCDONALD'S CORPORATION'S
ANSWER TO KYTCH, INC.'S COMPLAINT
23-CV-01998-TSH

4134-0668-5511

1                                   **SIXTEENTH DEFENSE**

2                           **(Intervening or Superseding Cause)**

3        Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, were

4 the result of one or more intervening or superseding causes or caused by the acts and/or omissions

5 of persons other than McDonald's.

6                              **SEVENTEENTH DEFENSE**

7                                **(Unjust Enrichment)**

8        Plaintiff's claims against McDonald's are barred, in whole or in part, because it seeks a

9 windfall that it is not otherwise entitled to recover.

10                              **EIGHTEENTH DEFENSE**

11                              **(Additional Defenses)**

12        Because Plaintiff's Complaint is often phrased in conclusory terms, McDonald's cannot

13 fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly,

14 McDonald's has done its best to anticipate the possible affirmative defenses consistent with the

15 requirements of Federal Rule of Civil Procedure 8(c).  McDonald's reserves the right to assert

16 additional defenses to the extent such defenses are or become applicable.

17                           **DEMAND FOR JURY TRIAL**

18        McDonald's demands a trial by jury on all issues so triable.

19 Dated: May 5, 2023                    ORRICK, HERRINGTON & SUTCLIFFE LLP

20

21                            By: _____

22                                  CATHERINE Y. LUI
                                  Attorneys for Defendant

23                                     McDonald's Corporation

24

25

26

27

28

4134-0668-5511                              MCDONALD'S CORPORATION'S
                              ANSWER TO KYTCH, INC.'S COMPLAINT
                                          23-CV-01998-TSH