| | |
|---|---|
| Jason Sheasby SBN 205455 | Catherin Y. Lui SBN 239648 |
| jsheasby@irell.com | clui@orrick.com |
| IRELL & MANELLA | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 1800 Avenue of the Stars, Suite 900 | 405 Howard St, |
| Los Angeles, California 90067-4267 | San Francisco, CA 94105 |
| Telephone: (310) 277-1010 | Telephone: (415) 773-5700 |
| Facsimile: (310) 203-7199 | Facsimile: (415) 773 5759 |
| | |
| Elizabeth M. Locke, P.C (*pro hac vice*) | Kristopher R. Wood SBN 284727 |
| libby@clarelocke.com | kristopher.wood@orrick.com |
| Daniel P. Watkins (*pro hac vice*) | Catherine L. Malone SBN 325283 |
| daniel@clarelocke.com | cmalone@orrick.com |
| Amy M. Roller (*pro hac vice*) | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| amy@clarelocke.com | 2050 Main Street Ste. 1100 |
| CLARE LOCKE LLP | Irvine, CA 92614 |
| 10 Prince Street | 2050 Main Street |
| Alexandra, VA 22314 | Suite 1100 |
| Telephone: (202) 628-7400 | Irvine, CA 92614-8255 |
| Facsimile: (202) 478-0475 | United States |
| | Telephone: (949) 567 6700 |
| *Attorneys for Plaintiff Kytch, Inc.* | Facsimile: (949) 567-6710 |
| | |
| | *Attorneys for Defendant McDonald's Corp.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KYTCH, INC., | |
| Plaintiff, | |
| v. | No. 23-CV-01998-TSH |
| MCDONALD'S CORPORATION, | |
| Defendant. | |

**JOINT CASE MANAGEMENT STATEMENT**

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f), Civil L.R. 16-9, the standing order for All Judges of the Northern District of California titled "Contents of Joint Case Management Statement," and the Court's Standing Order for Civil Cases, Plaintiff Kytch, Inc. and Defendant McDonald's Corp. by and through their respective counsel of record, hereby jointly submit this Joint Case Management Statement.

**1. JURISDICTION AND SERVICE**

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1125(a) and supplemental jurisdiction over Kytch's state-law claims pursuant to 28 U.S.C. § 1367, as those claims are part of the same case or controversy as the federal claim in this case.

This action was originally filed in the United States District Court for the District of Delaware, where both Kytch and McDonald's are incorporated, and McDonald's was served with process on March 2, 2022. No parties remain to be served. Subsequently, the case was transferred to this Court pursuant to 28 U.S.C. § 1404 with the express consent of both parties. *See* Stipulation, ECF No. 20. Neither party contests the Court's personal jurisdiction or the propriety of venue in this District. *Id.*

**2. FACTS**

**2.1 Plaintiff Kytch's Recitation of the Facts**

As alleged in the Complaint, Kytch is a company co-founded by Jeremy O'Sullivan and Melissa Nelson to solve the problem of McDonald's chronically broken C602 soft serve machines, which are manufactured by Taylor Commercial Foodservice LLC. Compl. ¶ 7-8 (ECF No. 1). Mr. O'Sullivan and Ms. Nelson invented the Kytch Solution, an IOT computer device that attaches to Taylor's C602 machines and that has proprietary software and an online interface that allows customers to monitor and control their soft-serve machines remotely, and thus more effectively diagnose and solve any issues that might come up with the machines. *Id.* In 2019, Kytch launched a confidential product trial, the Kytch Trial, to analyze customer data and fine-tune the Kytch Solution using McDonald's owner-operators as trial participants. *Id.* Although McDonald's and Taylor have spent years trying to create their own IOT solution for the soft-serve machines (albeit

one without the ability to repair the machines, as Taylor and McDonald's make significant money from the costs of repairing the machines), their competing product, Open Kitchen, has still not launched. *Id.* at ¶ 9.

In February 2020, *Business Insider* published an article that described Kytch as a viable solution to "correct[] unnecessary malfunctions" of Taylor's machines that cause downtime. *Id.* at ¶ 10. In response to this positive coverage, McDonald's and Taylor enlisted a group of Kytch Trial participants to help them develop a competing product and asking them for confidential information about the Kytch device and for access to the trial participants' Kytch devices. *Id.* at ¶ 11-14. Despite this, McDonald's and Taylor were not able to keep up with Kytch. *Id.* at ¶ 16.

On November 2 2020, McDonald's and Taylor published a false and defamatory statement about Kytch to McDonald's franchisees while simultaneously advertising that the Taylor Shake Sundae Connectivity (also known as Open Kitchen), which had been developed in partnership between Taylor and McDonald's, was to be released by the end of Q1, 2021. *Id.* at ¶ 20-21. The advertisement falsely claimed that Kytch would void machine warranties, "creates a very serious safety risk" and that McDonald's "strongly recommends you remove the Kytch device from any machines and discontinue all use":

> ***The Taylor Shake Sundae Connectivity (TSSC) is currently in test [sic] with NSLC operators and the current target for release in the US market is by the end of Q1, 2021.***
>
> **IMPORTANT NOTE:** We have become aware that a few operators may be using an unapproved aftermarket technology, Kytch, on their Shake Sundae machine. As a reminder, any operator that is using this aftermarket "add-on" to any of their machines, <u>will completely void any existing OEM equipment warranty.</u> Additionally, any machine failures that are associated with the installation of Kytch during or after warranty expires, will be the sole responsibility of the operator, not the OEM supplier. The Kytch device allows complete access to all aspects of the equipment's controller and confidential data, including areas where only certified technicians should have access, creating potential equipment reliability issues without the restaurant's knowledge or ability to stop it. Even more concerning, McDonald's has recently determined that the Kytch device creates a potential very serious safety risk for the crew or technician attempting to clean or repair the machine, given that the Kytch controller may cause the device to change its operation or continue running during cleaning or maintenance, in a manner that can cause serious human injury. As such, McDonald's strongly recommends that you remove the Kytch device from any machines and discontinue all use, and is reminding you that any continued use is not approved and is at your sole risk.

*Id.* ¶¶ 20-21, 206-07. McDonald's declared Kytch unsafe despite having never tested the Kytch Solution, and despite Kytch having been certified as safe. *Id.* at ¶ 22.

### 2.2 Defendant McDonald's' Recitation of Facts

McDonald's is a world-famous restaurant brand built on the principle of a "3-Legged Stool," in which one leg is McDonald's' independent owner-operators, the second is McDonald's' employees, and the third is McDonald's' suppliers. The stool is only as strong as the three legs that form its foundation, and, for the McDonald's system to succeed and grow, all three of these legs must be successful. McDonald's, therefore, has high expectations of any supplier or would-be supplier to McDonald's corporate and owner-operator locations, and has rigorous testing and approval requirements for any equipment that suppliers wish to sell into that system. Safety is paramount for McDonald's. Those expectations apply to Taylor—a company that has been subject to remedial action by McDonald's more than once since 2019 for failure to meet those standards. They also apply to any prospective suppliers—like Kytch.[1]

Kytch never undertook any efforts to meet McDonald's' equipment testing or approval requirements. McDonald's was justifiably concerned over this unknown product appearing in McDonald's' restaurants, and became even more so once Taylor informed McDonald's that it had identified serious safety risks inherent to Kytch's remote control features. As a result, McDonald's had to investigate the safety risks related to the Kytch Device and apprise its U.S. owner-operators of the potential safety risks the Kytch Device presented to the best of McDonald's' ability. Through its efforts to understand Kytch's technology, McDonald's only ever received basic, user-facing information that is similar if not identical to Kytch's own promotional materials. McDonald's had no knowledge that Kytch considered any of this information "confidential" or that Kytch entered agreements with its users barring them from disclosing information that would be readily discernable by any user of the Kytch Device or web platform.

Further, McDonald's was not investigating the Kytch Device so that it could "develop[]" a

---

[1] And because Kytch's device is an "add on" to the ice cream machine manufactured by Taylor, McDonald's would have only approved the device if Taylor also vetted it for safety and compatibility with Taylor's shake machines.

competing product "in partnership" with Taylor. Instead, McDonald's' involvement in Open Kitchen, which is manufactured by Taylor affiliate Powerhouse Dynamics ("PHD"), was limited to product testing, evaluation, and ultimate approval within McDonald's' system—just as it would be with any other vendor's products. Open Kitchen is not a new product as PHD released it in 2019. While Open Kitchen has not been widely released to the McDonald's franchise system due to business reasons unrelated to the fitness of the product, when it is released to the franchise system, it will be PHD who will make, sell, and reap the financial rewards of any sales.

Finally, there was no false or misleading statement in the November 3, 2020 Field Brief nor was it a false advertisement as Kytch now claims. Taylor identified a series of safety risks related to the Kytch device, focused on, among other things, the possibility that the remote control and automation features of the device may cause the device to turn on or change modes during cleaning or maintenance, leading to damage to the machine and potential serious injury to McDonald's' personnel or others present in a restaurant. McDonald's prepared the Field Brief in good faith to inform its U.S. owner-operators of serious potential safety risks arising from the use of the Kytch Device.

## 3. LEGAL ISSUES

This case presents the following questions:

 A. Whether McDonald's tortiously interfered with Kytch Trial Agreements by inducing Kytch trial participants to disclose Kytch's confidential information. *See* Compl. ¶¶ 278-87.

 B. Whether McDonald's' November 2020 publication, which the parties respectively call the "False Ad" or the "Field Brief," violated the Lanham Act, 15 U.S.C. § 1125(a), California Business & Professional Code §§ 17200 and 17500, et seq., and common law prohibitions on trade libel and intentional interference with business expectancies. *See id.* ¶¶ 288-336, 348-53.

 C. Whether, for purposes of 15 U.S.C. § 1125(a) and California Business & Professional Code §§ 17200, 17500, the November 2020 publication constituted commercial speech.

Joint Case Management Statement
4146-3877-0760.8                                       -5-                                      No. 3:23-cv-01998-TSH

D. Whether, for purposes of a false advertising claim under 15 U.S.C. 1125(a) and California Business & Professions Code §§ 17200 and 17500, the November 2020 publication constitutes a commercial advertisement or promotion.

**4. MOTIONS**

There are no motions currently pending before the Court.

Previously, McDonald's filed a Motion to Dismiss pursuant to Rule 12(b)(6), challenging the validity of all of Kytch's claims. *See* Mot. Dismiss (ECF Nos. 9-11); Opp'n (ECF No. 14). The Delaware District Court denied the Motion as to all claims except for Count Six, which alleged negligent interference with business expectancy. *See* Mar. 29, 2023 Hr'g Tr. 64:18-65:1 (ECF No. 18); *see also* Compl. ¶¶ 278-353.

**5. AMENDMENT OF PLEADINGS**

At this time, Plaintiff has no current plans to add parties or claims. Plaintiff will seek leave of the Court should amendment of the pleadings become necessary.

**6. EVIDENCE PRESERVATION:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties are in the process of negotiating an appropriate ESI Order, which they anticipate submitting to the Court in advance of the Initial Case Management Conference.

**7. DISCLOSURES**

The parties exchanged initial disclosures on June 9, 2023.

**8. DISCOVERY**

The parties completed the Rule 26(f) conference on May 12, 2023 and have each exchanged their first sets of discovery requests. Kytch intends to take discovery on the False Advertisement, McDonald's knowledge of Kytch and its customers, Open Kitchen and other IOT technology, McDonald's relationship with Taylor Commercial Foodservice and its relationship with its franchisees, and Taylor's competitors, among other things. McDonald's intends to take discovery

on Kytch's development of its device and platform including its the features and functionality, the confidentiality provisions related to Kytch's device and platform, Kytch's claimed confidential information, the identity of any customers or investors that have been lost, disclosures of confidentiality to third parties, efforts to keep confidential information about Kytch secret, Kytch's claimed damages, and Kytch's plans for expansion, among other things.

Absent a future stipulation between the parties or leave of Court, the parties agree to adhere to the discovery limitations imposed by Federal Rule of Civil Procedure 33(a)(1) concerning the number of interrogatories that each party may serve on any other part.

Kytch has requested to exceed the ten depositions permitted by default under federal law. McDonald's has not agreed to Kytch's request and does not believe the parties need to go beyond the default rule. The parties are still negotiating the number of depositions and will update the Court on their progress at the July 27, 2023 conference.

The parties have met and conferred regarding e-discovery issues and intend to enter into a stipulated e-discovery order. The parties have also met and conferred regarding a stipulated protective order and intend to submit the same to this Court for approval.

**9. CLASS ACTION**

Not applicable.

**10. RELATED CASES**

Plaintiff Kytch currently has a case against Jonathan Tyler Gamble, TFGroup LLC, and Taylor Commercial Foodservice LLC pending in the Superior Court for the State of California for the County of Alameda, Case No. RG21099155. That case involves some related or overlapping conduct. Kytch is also appealing the dismissal of its Lanham Act lawsuit against Taylor Commercial Foodservice LLC in the Third Circuit Court of Appeals, Docket No. 23-1810.

**11. RELIEF:**

The relief sought by Kytch includes, but is not limited to:

    A. Monetary damages to be determined at trial;

    B. Injunctive relief;

    C. Declaratory relief;

Joint Case Management Statement    -7-    No. 3:23-cv-01998-TSH
4146-3877-0760.8

D.  Kytch's costs in connection with these actions, including attorneys' fees, consultant and expert fees, and other expenses; and

E.  Any other relief the Court deems just and proper.

**12. SETTLEMENT AND ADR:**

The parties have met and conferred regarding settlement and ADR procedures. The parties are open to a mediation at an appropriate time in the case schedule.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

Both parties have consented to the assignment of the case to a magistrate judge for all purposes.

**14. OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

Neither party believes there are any issues that can presently be narrowed by stipulation or Motion.

**16. EXPEDITED TRIAL PROCEDURE**

The parties agree that this case is not suitable for the Court's Expedited Trial Procedure.

**17. SCHEDULING**

The parties propose the following case schedule, which the parties believe would provide adequate time for discovery:

| | |
|---|---|
| Close of Fact Discovery | April 15, 2024 |
| Opening Rule 26 Expert Disclosures and Reports | May 6, 2024 |
| Rule 26 Rebuttal Expert Disclosures and Reports | May 31, 2024 |
| Close of Expert Discovery | July 3, 2024 |
| Dispositive Motions Due | August 12, 2024 |
| Oppositions to Dispositive Motions | September 6, 2024 |
| Reply to Dispositive Motions | September 23, 2024 |

| Hearing on Dispositive Motions | By October 30, 2024 |
| --- | --- |
| Pretrial Conference | January 30, 2025 |
| Trial | February 18, 2025 |

The parties will work together in 2024 to agree upon dates for pre-trial exchanges, trial briefs, motions in limine, and Daubert motions prior to the Pretrial Conference.

**18. TRIAL**

Plaintiff seeks a trial by jury on all counts and issues so triable. The expected trial length is 7-10 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-15, counsel for all parties certify that as of this date, other than the named parties, there is no known (i) financial interest (of any kind) in the subject matter in controversy or in a party to the proceedings; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceedings to report.

**20. PROFESSIONAL CONDUCT**

Counsel for all parties have reviewed and will abide by the Guidelines for Professional Conduct for the Northern District of California. Counsel have enjoyed a good relationship thus far.

**21. OTHER**

Not applicable at this time.

DATED: July 20, 2023

**FOR PLAINTIFF KYTCH, INC.**

/s/Daniel P. Watkins

*Attorney for Plaintiff Kytch, Inc.*

**FOR DEFENDANT MCDONALD'S CORP.**

/s/Catherine Y. Lui

*Attorney for Defendant McDonald's Corp.*