1  Daniel P. Watkins (admitted *pro hac vice*)
   Megan L. Meier (admitted *pro hac vice*)
2  Amy McCann-Roller (admitted *pro hac vice*)
   MEIER WATKINS PHILLIPS PUSCH LLP
3  919 18th Street NW, Suite 650
   Washington, DC 20006
4  Telephone: (202) 318-3655

*Attorneys for Plaintiff Kytch, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| KYTCH, INC., | No. 23-CV-01998-TSH |
|---|---|
| Plaintiff, | |
| v. | **PLAINTIFF KYTCH, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE NONPARTY CLARE LOCKE LLP'S IMPROPER FILINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEREMY O'SULLIVAN** |
| MCDONALD'S CORPORATION, | |
| Defendant. | |

1

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL, AND CLARE LOCKE LLP:**

**PLEASE TAKE NOTICE** that Plaintiff Kytch, Inc. moves to strike Clare Locke LLP's Notice of Attorney Lien [Dkt. No. 49] and a Notice of Objection to Dismissal in Light of Attorneys' Lien [Dkt. No. 54] (collectively, the "Improper Filings"). This motion is made on two grounds. ***First***, Clare Locke is a nonparty and did not seek to intervene in this case pursuant to Federal Rule of Civil Procedure 24. ***Second,*** the Court should exercise its inherent authority to strike from the docket Clare Locke's premature attempts to enforce a lien against a settlement that doesn't yet exist.

This motion is based on this notice of motion, the attached memorandum of points and authorities, the Declaration of Jeremy O'Sullivan, and on any further argument and evidence as may be presented to the Court at or before the date of the hearing on this motion.

Dated: April 11, 2024

Respectfully submitted,

FOR PLAINTIFF KYTCH, INC.

/s/ Daniel P. Watkins
DANIEL P. WATKINS
Meier Watkins Phillips Pusch LLP
*Attorney for Plaintiff Kytch, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Clare Locke LLP is not a party, and it has not represented a party in this case since Kytch terminated the law firm for cause on October 14, 2023. (O'Sullivan Decl. ¶ 5.) Nevertheless, nonparty Clare Locke has filed a Notice of Attorney Lien [Dkt. No. 49] and a Notice of Objection to Dismissal in Light of Attorneys' Lien [Dkt. No. 54] (collectively, the "Improper Filings"). The Court should exercise its inherent authority to strike both filings because they are premature—there is no settlement so Clare Locke's putative claims against Kytch are not ripe, and no party has moved to dismiss this litigation—and because Clare Locke lacks standing to have any role in this litigation.

## BACKGROUND

Kytch retained Clare Locke LLP to represent the company back in November 2020 in its dispute with McDonald's, Taylor Company, TFGroup LLC, and J. Tyler Gamble (collectively "Defendants"). (O'Sullivan Decl. ¶ 3.) Kytch filed lawsuits against Defendants that are currently pending in this action, in the Superior Court for Alameda County (Case No. RG21099155), and the Court of Appeals for the Third Circuit (Case No. 23-1810) (the "Litigations").

In August 2023, Daniel P. Watkins—who had spent the previous three years leading Kytch's litigation efforts—resigned from Clare Locke and founded his own law firm, Meier Watkins Phillips Pusch LLP. (O'Sullivan Decl. ¶¶ 4-5.) Kytch was represented by both law firms until the tech startup fired Clare Locke for cause on October 14, 2023. (*Id.* ¶ 5.)

Five days later, Clare Locke filed a Motion to Withdraw as Counsel, which the Court granted on October 19, 2023. [Dkt. No. 48.] Despite not being a party and no longer being counsel of record, on November 27, 2023, Clare Locke filed a "Notice of Claim of Lien for Attorney Fees" related to Kytch's claims in this case.

On March 14, 2024, the parties attended mediation, as ordered by the Superior Court for Alameda County, and reached a tentative settlement. The next day, the parties filed a Stipulation to Stay Action based on the result of their mediation [Dkt. No. 52], which the Court entered the following day [Dkt. No. 53]. The parties are continuing to finalize settlement terms as of this filing.

On March 25, 2024, nonparty Clare Locke filed a Notice of Objection to Dismissal in Light of Attorneys' Lien. In its papers, Clare Locke complains that it "was not consulted about any settlement" that the parties were continuing to negotiate, and it insisted that this Court "deny any request for dismissal or other settlement approval" until after "Clare Locke's attorneys' liens have been resolved." [Dkt. No. 54 at 2-3.]

It is true, no one has "consulted" with Clare Locke about the litigations for months.[1] Because it is not counsel to any party. Indeed, Clare Locke deposed only three witnesses in this case – each was conducted by Daniel P. Watkins. (O'Sullivan Decl ¶ 6.) In the months that followed Mr. Watkins's resignation, the parties deposed dozens of witnesses from California to Florida, they exchanged substantial written discovery and produced hundreds of thousands of pages of documents, and they filed and briefed several motions for summary judgment. (O'Sullivan Decl. ¶ 7.) Discovery in the Alameda County Action is practically complete.

Clare Locke never moved to intervene under Federal Rule of Civil Procedure 24, and the Court has not permitted Clare Locke to make filings in this case or to otherwise appear since the law firm was terminated last fall. For these reasons, Kytch respectfully requests that the Court enter an Order striking Clare Locke's Improper Filings from the docket.

## ARGUMENT

**I.  Clare Locke Has No Role in This Litigation and Its Filings Are a Legal Nullity.**

Clare Locke was terminated and withdrew from this litigation back in October 2023. (O'Sullivan Decl. ¶ 5); [Dkt. No. 48.] The law is clear: it is reversible error for a court to permit nonparties to participate in an action absent a formal motion for intervention and the requisite findings on such a motion. *Eisenbise v. Crown Equip. Corp., Inc.*, No. 15-CV-972-AJB-WVG, 2015 WL

---

[1] But it's not because Kytch intends to do anything improper; to the contrary – Kytch has agreed to refrain from disbursing any funds it receives in connection with resolving this case for 45 days ***and*** it has agreed to work with Clare Locke to enter into an escrow agreement for a portion of such funds until Clare Locke's potential entitlement to fees or expenses is resolved. (O'Sullivan Decl. ¶¶ 8-9.)

4

13828753, at *3 (S.D. Cal. Dec. 7, 2015) (citing *Spangler v. Pasadena City Bd. Of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). Clare Locke has not filed such a motion, so its Improper Filings lack legal effect.

## II. The Court Should Exercise Its Inherent Power to Strike Clare Locke's Filings.

District courts "have the inherent power to control their docket." *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010). This includes the authority to strike inappropriate items from the docket. *Id*. Here, nonparty Clare Locke has filed objections and urged the Court to prohibit the parties from dismissing this case after it settles. But the litigation has not settled. And no party has filed a motion to dismiss.

## CONCLUSION

For these reasons, the Court should strike nonparty Clare Locke's Improper Filings.

Dated: April 11, 2024

Respectfully submitted,

FOR PLAINTIFF KYTCH, INC.

/s/ Daniel P. Watkins
DANIEL P. WATKINS
Meier Watkins Phillips Pusch LLP
*Attorney for Plaintiff Kytch, Inc.*

## CERTIFICATE OF SERVICE

I, hereby certify that, on April 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record.

Dated: April 11, 2024

/S/ Daniel P. Watkins
Daniel P. Watkins
Meier Watkins Phillips Pusch LLP