Jered T. Ede (SBN 273440)
jered@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
Facsimile:  (202) 478-0475

*Attorney for Clare Locke LLP*

UNITED STATES DISTRICT COURT

NORTHERN DISTICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KYTCH, INC.,<br><br>           Plaintiff,<br><br>     v.<br><br>MCDONALD'S,<br><br>           Defendants. | CASE No. 23-CV-01998-TSH<br><br>**CLARE LOCKE LLP'S RESPONSE TO MOTION TO STRIKE** |

Clare Locke LLP responds to Plaintiff Kytch, Inc.'s Motion To Strike (Dkt. 58) as follows.

On November 24, 2023, Clare Locke gave written notice of its attorneys' liens to Kytch, opposing counsel, and the relevant clerks of court, including the clerk of this Court and of the court in Alameda County as Virginia law, which governs Clare Locke's dispute with Kytch, requires. *See* Va. Code § 54.1-3932.  Furthermore, Kytch's attorneys are duty-bound to inform Clare Locke of the fact and amount of any purported settlement.  *See* District of Columbia Bar, Ethics Opinion 379 (adopting the approach from State Bar of California Standing Committee on Professional Responsibility & Conduct, Formal Opinion 2008-175, which provides that attorneys are required

by the ethics rules to disclose both the fact and amount of settlement to a client's former attorney who maintains an attorneys' lien).

Nonetheless, in late March 2024, Clare Locke learned that the parties to this case may have purported to reach a settlement, and that on March 15, 2024, this Court entered a Stipulation To Stay Action and Order (Dkt. 53) whereby the parties advised, "on March 14, 2024, the parties tentatively reached an agreement for settlement of both the Alameda Litigation and the N.D. Cal. Litigation, which they are working to finalize" and sought the Court's consent (which the Court granted) to stay the action "to allow the Parties to finalize and execute the settlement agreement." *Id.* at 2. As Kytch acknowledges, "[i]t is true, no one 'consulted' with Clare Locke about the litigation" or the proposed settlement. Dkt. 58 at 4. Accordingly, after inquiry to the parties yielded no reliable assurances, Clare Locke filed its Notice of Objection to Dismissal in Light of Attorneys' Lien (Dkt. 54) to remind the Court and the parties of Clare Locke's valid and pending attorneys' liens. Clare Locke's Notice of Objection sought no relief from the Court at that time, but explained that Clare Locke reserved the right to do so in the future if and as necessary.

Following the filing of those objections, Clare Locke continued to seek assurances from Kytch that Clare Locke's lien would be honored, to no avail. Accordingly, Clare Locke sought and secured emergency, interim injunctive relief against Kytch from an Emergency Arbitrator in the ongoing Clare Locke-Kytch arbitration proceeding pending in Virginia before the American Arbitration Association. In an Emergency Award, entered on April 2, 2024, the Emergency Arbitrator found that Clare Locke had "stated a *prima facie* claim for relief and demonstrated a likelihood of success" on its quantum meruit claim against Kytch. Emergency Award (Ex. 1) at 9. The Emergency Arbitrator also found "there does not appear to be any dispute that settlements are in the works, that settlement proceeds will be available to [Kytch] under the settlements or that [Kytch] has not yet agreed to or submitted a stipulated order in the Kytch Litigation agreeing not to disburse any settlement funds. Accordingly, there is a risk that [Clare Locke] will suffer irreparable harm absent injunctive relief." *Id.* (footnotes omitted).

1       Based on these findings and conclusions, the Emergency Award, among other things, "preliminarily enjoin[ed] Kytch and its officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them from dismissing any of the cases in the Kytch Litigation and/or dispersing, encumbering, and/or dissipating any settlement funds received in the Alameda County Action, the Delaware Action or the Northern District of California Action [i.e., this action] from the date of this Decision and Order up to and until 45 days following [Clare Locke]'s receipt of the last of the Settlement Documents along with a certification under penalty of perjury from an officer of Kytch that all such documents in their complete, final form have been provided." Emergency Award at 10–11. Because Kytch has not yet agreed to comply, much less actually complied, with the Emergency Award and has repeatedly questioned the Arbitrator's jurisdiction, Clare Locke is seeking to confirm that award in the United States District Court for the Eastern District of Virginia. *See Clare Locke LLP v. Kytch*, No. 1:24-cv-00545-PTG-WBP (E.D. Va.).

      Kytch now seeks to strike Clare Locke's objections, arguing that Clare Locke should have intervened in this action. Kytch also suggests, for the first time in this Court, that Clare Locke's attorneys' liens may not be valid. *See* Dkt. 58 at 5. The Court need not be burdened with either argument.

      First, Clare Locke had no obligation to intervene in this action to assert and remind the parties of its attorneys' liens—indeed, California law prohibits it from intervening. *See Carroll v. Interstate Brands Co.*, 121 Cal. Rptr. 2d 532, 535 (Cal. Ct. App. 2002) (A discharged attorney is ***not*** permitted to intervene in the substantive case (such as this one) to enforce an attorneys' lien.). The case cited by Kytch, *Eisenbise v. Crown Equip. Corp., Inc.*, No. 15-CV_972-AJB-WVG, 2015 WL 13828753 (S.D. Cal. Dec. 7, 2015) (citing *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326 (9th Cir. 1977)), involved an attempt by a non-party to intervene and seek relief in the substantive case pending before the court. Clare Locke has not sought relief in this action—the Notice of Objection served merely to remind the parties and the Court of Clare Locke's liens. Rather, Clare Locke is seeking (and has secured) relief in the appropriate forum against Kytch. *See*

1  Emergency Award (granting Clare Locke interim relief to protect its liens); *Clare Locke LLP v.*
2  *Kytch*, No. 1:24-cv-00545-PTG-WBP (E.D. Va.) (seeking to confirm Emergency Award).

3  Second, under California law,[1] the Court overseeing the underlying litigation out of which
4  the liens arise has no authority to address the validity of the attorneys' liens. Rather, an attorney
5  seeking to enforce an attorneys' lien "must bring a separate, independent action against the client to
6  establish the existence of the lien, to determine the amount of the lien, and to enforce it." *Carroll*,
7  121 Cal. Rptr. 2d at 536. Clare Locke has initiated that separate action in the parties' agreed-upon
8  forum, an arbitration administered by the American Arbitration Association sited in Virginia. AAA
9  has the authority to address any dispute about the attorneys' liens and has appointed an Arbitrator
10 to do exactly that.

11 In light of the subsequent developments, including the Emergency Award enjoining Kytch
12 from dismissing this action (and related actions)[2] unless and until Clare Locke's attorneys' liens are
13 resolved, the Court need not take any action on Clare Locke's objections at this time. And Kytch's
14 motion should be denied.

Dated:        April 30, 2024                    Respectfully Submitted,

                                                CLARE LOCKE LLP
                                                By: */s/ Jered T. Ede*
                                                Jered T. Ede SBN 273440

                                                *Attorney for Clare Locke LLP*

---

[1] Because the Kytch-Clare Locke relationship is governed by Virginia law, Virginia's attorney lien statute applies, which provides that "any settlement or adjustment of the cause of action is void against the lien" once timely notice is given. Va. Code § 54.1-3932.

[2] Clare Locke filed a similar Notice of Objections in a related action pending in Alameda County, California, *Kytch, Inc. v. Gamble et al.*, No. RG21099155 (Alameda Cnty.). Notably, Kytch has *not* moved to strike that submission, which was filed on March 21, 2024.

# **CERTIFICATE OF SERVICE**

I hereby certify that, on April 30, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing the following: CLARE LOCKE LLP'S RESPONSE TO MOTION TO STRIKE.

By: */s/ Jered T. Ede*
Jered T. Ede

**Meier Watkins Phillips Pusch LLP**
Daniel P. Watkins (*pro hac vice*)
1629 K Street N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 318-3655
daniel.watkins@mwpp.com

**Irell & Manella**
Jason Sheasby SBN 205455
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4267
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
jsheasby@irell.com

*Attorneys for Kytch, Inc.*

**Young Conaway Stargatt & Taylor, LLP**

Catherine Y. Lui
Nicole Gelsomini
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 773-5700
clui@orrick.com
ngelsomini@orrick.com

Kristopher R. Wood
2050 Main Street, Suite 1100
Irvine, CA 92614
(949) 567-6700
kristopher.wood@orrick.com

Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)

Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant McDonald's Corporation*