| | |
|---|---|
| CATHERINE Y. LUI (SBN 239648)<br>clui@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: +1 415 773 5700<br>Facsimile: +1 415 773 5759<br><br>KRISTOPHER R. WOOD (SBN 284727)<br>kristopher.wood@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>2050 Main Street, Suite 1100<br>Irvine, CA 92614<br>Telephone: +1 (949) 567-6700<br><br>*Attorneys for Defendant*<br>*McDonald's Corporation* | JASON SHEASBY (SBN 205455)<br>jsheasby@irell.com<br>IRELL & MANELLA<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4267<br>Telephone: (310) 277-1010<br>Facsimile: (310) 203-7199<br><br>*Attorneys for Plaintiff Kytch, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KYTCH, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>MCDONALD'S CORPORATION,<br><br>        Defendant. | Case No. 23-cv-01998-TSH<br><br>**JOINT STATUS REPORT FOR NOVEMBER 27, 2024**<br><br>Dept: Courtroom E, 15th Floor<br>Judge: Honorable Thomas S. Hixson |

Plaintiff Kytch, Inc. and Defendant McDonald's Corporation respectfully submit the joint following status report:

The global settlement that the parties have been negotiating includes the resolution of this matter ("Matter") and the matter of Kytch v. Gamble, et al., Case No. RG210099155, which is pending before Judge Michael M. Markman in the Superior Court of Alameda County ("Alameda Action"). The Alameda Action involves claims against affiliated parties to the allegations at issue in the instant case, including the manufacturer and distributor of equipment for certain of McDonald's restaurants, and an owner-operator of McDonald's restaurants who also served as a senior leader in the National Supply Leadership Council, which is an organization made up of McDonald's franchisees.

**Kytch's Position**: After many rounds of negotiations it is apparent that there are significant outstanding issues between the parties. The Judge in the Alameda Action has proposed assigning a settlement judge to address the outstanding issues. There is no barrier to McDonald's participating in this court-run mediation as the parties in the Alameda Action can contractually agree to allow McDonald's to participate without McDonald's waiving any of its rights, for example, regarding venue. The parties previously were using the services of a private mediator at the time the case was stayed. Based on the nature of the issues that remain outstanding Plaintiff does not believe that returning to the private mediator that was working with the parties would fruitful. McDonald's has refused to allow Kytch to explain its reasoning for this belief, claiming it would violate the "confidential settlement privilege." McDonald's suggestion that there has been a change in position caused by the withdrawal of counsel for Kytch has no connection to reality. Undersigned counsel has been on this case since its beginning. Because of the nature of the demands that have been made by McDonald's during the negotiation process, Kytch's owners hired separate settlement counsel to work alongside Kytch counsel to try to bridge the impasse that exists. This settlement attorney has been working in good faith on this matter since May 2024. The gap is not closing. The long process of negotiation is because Kytch has tried everything in its power to convince McDonald's to come to a middle ground on critical issues.

///

1  **McDonald's Position**: McDonald's has continued to negotiate in good faith to try to
2  bridge the gap on the handful of outstanding terms at-issue. There has been a change in counsel
3  for Kytch as the Meier Watkins firm has withdrawn as counsel for Kytch and Meier Watkins was
4  the counsel who attended the mediation and led the settlement negotiations. McDonald's has
5  expeditiously provided comments to the prior settlement drafts and denies that it has been
6  unreasonable in the negotiations. McDonald's does believe the assistance of a neutral would
7  guide the parties in finalizing the agreement.

8  McDonald's requests that the Court order the parties to return to Judge Meisinger for a
9  further mediation. McDonald's believes that it would be the most efficient use of resources
10 considering Judge Meisinger presided over the prior mediation, knows the terms and conditions
11 of the settlement agreement, and has previously consulted with the parties in the settlement
12 process. McDonald's is committed to resolving this matter but it is not efficient for the parties to
13 this Matter and the Alameda Action to have to start over with a settlement conference judge who
14 does not know this case or the terms and conditions of the settlement agreement.

16 Dated: November 27, 2024                ORRICK, HERRINGTON & SUTCLIFFE LLP

18                                         By:  /s/ Catherine Y. Lui
19                                              CATHERINE Y. LUI
                                                Attorneys for Defendant
20                                              McDonald's Corporation

22 Dated: November 27, 2024                IRELL & MANELLA

24                                         By:  /s/ Jason Sheasby
                                                JASON SHEASBY
25                                              Attorneys for Plaintiff
                                                Kytch, Inc